[Civ. No. 1274. First Appellate District.—October 21, 1913.]

W. B. McGERRY & COMPANY (a Corporation), Respondent, v. PATRIZIO MARSICANO, Appellant.

REAL ESTATE BROKERS—VALUE OF SERVICES—RATE FIXED BY BOARD OF BROKERS.—In an action by a broker to recover the reasonable value of services in leasing real property, a resolution of the real estate board of brokers in the city, establishing a scale of commissions to be charged by brokers in negotiating leases, is admissible in evidence, and, together with positive and uncontradicted testimony of a witness that such rate is reasonable and customary, is sufficient to support a finding in favor of the plaintiff.

ID.—QUESTIONS OF FACT—CONCLUSIVENESS OF DETERMINATION BY TRIAL COURT.—The power to determine questions of fact is vested exclusively in the trial court in civil cases, and its determination is controlling when substantial evidence exists to support its finding.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. Clarence A. Raker, Judge presiding.

The facts are stated in the opinion of the court.

John L. Roche, for Appellant.

Sullivan & Sullivan and Theo. J. Roche, for Respondent.

KERRIGAN, J.—This action was brought to recover the sum of $8,865.00 for services performed by the plaintiff corporation as broker in negotiating a lease of real property in San Francisco belonging to defendant. Judgment went for plaintiff for the full amount demanded in the complaint. The appeal is from the judgment and from an order denying defendant's motion for a new trial.

The lease negotiated by plaintiff was for a period of twenty-five years, and by its terms the rent for the first five years was to be one thousand five hundred dollars per month, or eighteen thousand dollars a year; for the second period of five years the monthly rent was to be one thousand seven hundred and fifty dollars, aggregating for that period one hundred and five thousand dollars; for the third period of five years the monthly rental was two thousand dollars, making for that period of time the sum of one hundred and twenty thousand dollars; for the remaining ten years of the lease the monthly rental was two thousand two hundred dollars, amounting in that time to two hundred and sixty-four thousand dollars. The total of the rent thus reserved to the defendant under the lease amounted to the sum of five hundred and seventy-nine thousand dollars. In addition to the obligation to pay this amount the lessee was to erect a building upon the leased land which, at the expiration of the term, was to become the property of the lessor. Furthermore, all taxes and other charges against the property were to be paid by the lessee.

Plaintiff's claim for compensation for its services in negotiating said lease was based upon a percentage of two and one-half on the first year's rental, amounting to the sum of four hundred and fifty dollars, and one and one-half per cent

on the rental for the remainder of the term, amounting to eight thousand four hundred and fifteen dollars, making a total of eight thousand eight hundred and sixty-five dollars. This amount was claimed by the plaintiff to be the reasonable value of the services rendered by it for the benefit of the defendant.

It was claimed by the defendant at the trial, as it is now claimed here, that when he employed the plaintiff to effect the lease it was agreed that no commission was to be paid by him, but that the plaintiff should look to the lessee for compensation for its services. Plaintiff denied that any such agreement existed, and the evidence produced at the trial *pro* and *con* upon this question made a substantial conflict, the determination of which by the trial court, counsel for defendant concedes, is binding upon this tribunal under a well established rule.

It is contended, however, by defendant that the evidence was entirely insufficient to justify the decision of the court in allowing the plaintiff more than fifteen hundred dollars, the amount of the first month's rent under the lease, which the president of the plaintiff corporation admitted it was willing to take rather than have a lawsuit and the attendant expense of the employment of attorneys.

The evidence shows that shortly after the earthquake and fire of 1906 the real estate board of brokers in San Francisco passed a resolution, attempting to establish a scale of commissions to be charged by brokers for negotiating leases of real property; and the president of the plaintiff acknowledged, when his deposition was taken prior to the trial, that the plaintiff's charge in this case was based upon that resolution. Defendant insists that a customary rate cannot be shown in this manner, and cites the case of *Laver* v. *Hotaling*, 115 Cal. 613, [47 Pac. 593], where a charge made by an architect upon such a basis was held to be unwarranted as to those who had not made the resolution a part of their contract; and that no one is held to make it a part of his contract unless charged with knowledge of it. In that case the judgment was upheld upon the ground that there was evidence that the customary and reasonable rate of charge was the same as the one established by the resolution of the architects' association. The very character of evidence held to be necessary in the Laver

case was produced by the plaintiff in this case. Four witnesses, real estate brokers, including the president of the plaintiff (the person who negotiated the lease) testified that the usual and customary charge and a reasonable charge in San Francisco for services such as those rendered by plaintiff, at the time of their rendition, was two and one-half per cent on the first year's rental and one and one-half per cent on the rental for the remainder of the term. Defendant's counsel admits that, standing alone, the direct evidence of these witnesses would support the finding of the court as to the value of the services rendered; but claims that taken in connection with their cross-examination the basis of their estimates of value cannot be upheld; that such estimates are fallacious and cannot be relied upon because based upon grounds illusory and unsubstantial. In this he is partly supported by the record as to some of the witnesses; but the testimony of witness McGerry is positive as to the charge being reasonable, usual and customary, and this witness was not cross-examined upon this point, and his testimony is nowhere in the record at all impaired.

Besides this, the defendant had an opportunity of presenting witnesses to prove that the charge was not reasonable nor customary, but he failed to produce a single witness to disprove this claim of the plaintiff.

From all the testimony presented the trial court found the sum sued for to be a reasonable charge; and we are constrained to say that the record presents sufficient evidence to support this conclusion.

The power to determine questions of fact is vested exclusively in the trial court in civil cases, and its determination is controlling when substantial evidence exists to support its finding. (*Reay* v. *Butler*, 95 Cal. 206, [30 Pac. 208].)

The judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.