[No. 3,671.]

G. D. MARIANI, ADMINISTRATOR OF THE ESTATE OF GUISEPPE MARIANI, DECEASED, *v.* GEORGE DOUGHERTY.

NEW TRIAL.—A new trial may be granted to the party who obtained a verdict, when the damages awarded to him are less than he was entitled to.

NEW TRIAL WHEN DAMAGES ARE TOO SMALL.—A verdict for two hundred dollars damages is not a just and fair compensation for the damages sustained, caused by the careless and reckless taking of human life, and such verdict justifies the Court in granting the plaintiff a new trial.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The defendant, under a contract with the Superintendent of Streets in San Francisco, was engaged in blasting rock on the westerly side of Kearny street.  The defendant was struck by a rock, thrown by the explosion of a blast, and died from the effects of the injury.

The defendant appealed.

The other facts are stated in the opinion.

*H. F. Crane,* for Appellant.

The rule in ordinary cases of personal torts is well considered and laid down by this Court is *Aldrich* v. *Palmer*, 24 Cal. 516; *Boyce* v. *Cal. Stage Co.*, 25 id. 473; *Wheaton* v. *N. B. & M. R. R. Co.*, 36 Cal. 591.)

Again, in this peculiar class of cases, the statute has given the jury the sole discretion and jurisdiction in the assessment of damages.  The language of the statute is as follows: "In every such action the jury may give such damages, pecuniary and exemplary, as they shall deem fair and just, and may take into consideration the pecuniary injury resulting from such death, to the wife and next of kin of such decersed person."  In *Myers* v. *City and County of San Francisco*, 43 Cal. 215, this Court says: "The discretion of the jury, in fixing the amount of such damages, should not be interfered with by the Court, except in cases of most palpable abuse of such discretion."

It is safe to presume from the verdict, that the jury did not consider this a proper case for exemplary damages, and only considered the actual or pecuniary damages resulting to the next of kin.

*F. P. Dann,* for Respondent.

Upon the question of damages, the cases cited by appellant's counsel, except the last, having been decided under statutes the terms of which are entirely dissimilar to our own, can have no application to this case.  The last case that

he cites from our own Supreme Court, does not sustain his point, but is to the contrary. As the Supreme Court of this State has given a construction to our statute, that construction must undoubtedly prevail, irrespective of whether the decisions of other Courts harmonize therewith or not.

The attention of the Court is also called to the following cases: *Penn. R. R. Co.* v. *McClosky, Admr.*, Penn. St. R. 526; *Dickens* v. *New York Cen. R. R. Co.*, 28 Barb. 41; *Quinn* v. *Moore*, 15 N. Y., 432; *Keller* v. *New York Cen. R. R. Co.*, 17 How. Pr. R. 102, same case, 24 How. Pr. R. 172, 182; *Oldfield* v. *N. Y. & H. R. R. Co.*, 14 N. Y. 314.


By the COURT:

This action was brought to recover damages from the defendant for causing, by his wrongful act, neglect, and default, the death of the plaintiff's intestate. The plaintiff recovered a verdict and judgment for two hundred dollars; and, upon his motion, the Court granted a new trial. The appeal is from the order granting the new trial.

Various reasons were assigned why a new trial should be had; but the Court granted it upon the ground of the insufficiency of the evidence to justify the verdict. The guilt and liability of the defendant being established by the verdict, it seemed to the Court below "a mockery of justice to assess such an insignificant sum as a just and fair compensation, or for damages, resulting from the reckless taking of human life."

A new trial may be granted when the damages are too small as well as when they are too large. (*Hall* v. *Bark Emily Banning*, 33 Cal. 522; *McDonald* v. *Walter*, 40 N. Y. 551.)

It appears from the record that the plaintiff's intestate was a house painter and paper hanger by trade, about fifty-six or fifty-seven years of age, industrious and temperate;

that he found employment about three fourths of the time, and made, when at work, from four to seven dollars per day; that he had four sons and one daughter, all of whom had reached the age of majority, except one, and he was ten or eleven years of age, living with and dependent upon his father for support.

In view of these facts, we cannot say that the Court abused its discretion in holding, if the defendant was liable at all, that the damages awarded were altogether disproportionate to the injury received.

Order affirmed.