[Department Two — June 8, 1883.]

MARY ANN WOLFORD AND ELLEN WOLFORD, RESPONDENTS, v. THE LYON GRAVEL GOLD MINING COMPANY, APPELLANT.

DAMAGES — NEW TRIAL. — In an action for negligence resulting in the death of a human being — nothing appearing to justify merely nominal damages — a verdict assessing the damages at one dollar may be set aside as inadequate, and a new trial granted.

APPEAL from an order of the Superior Court of El Dorado County granting a new trial.

The facts are sufficiently stated in the opinion of the court.

*G. G. Blanchard*, and *Charles F Irwin*, for Appellant.

The court will not impute to the jury improper motives merely from the smallness of their verdict. (12 Pick. 547.)

There should have been a statement containing the evidence before the court could determine that the jury had acted improperly. (2 Bay, 446; 7 Ga. 200.)

*Dibble & Kitts, M. P. Bennett*, and *G. J. Carpenter*, for Respondents.

There was no necessity for a statement. (*Harper* v. *Minor*, 27 Cal. 111; *Lewis* v. *Kelton*, 58 Cal. 303.)

Having determined the liability of the defendant, the jury disregarded the instructions and evidence in relation to the

damages, and the court properly set aside the verdict.    (*Sweeney v. C. P. R. R. Co.* 57 Cal. 15; *Emerson* v. *County of Santa Clara,* 40 Cal. 544; *Mariani* v. *Dougherty,* 46 Cal. 26.

MYRICK, J.—The question involved in this case is of easy solution.    The action was brought to recover damages for negligence on the part of defendant, by which, it is alleged, the husband of the plaintiff Ellen lost his life.    It was admitted by the pleadings that the deceased had during their married life supported himself and his wife comfortably, solely by his labor, that by his death she was deprived of that support, and that he was sober and industrious.    It was in evidence that the deceased was twenty-five years of age, with an expectation of thirty-six years longer, was careful and prudent, had been foreman in mines, and that the average pay of foremen was about one hundred dollars per month.    No evidence on the issue of damages was offered by the defendant.    The issues in the case involved the question of negligence on the part of the defendant, and of contributory negligence on the part of the deceased.

The jury rendered a verdict for plaintiff of one dollar.    This verdict was set aside and a new trial granted.    Upon what theory of facts this verdict was arrived at, or upon what theory of law it can be sustained, we cannot perceive.    Its only possible excuse is the statement of the court, in reply to inquiry by the jury, that if the jury agreed upon a verdict for plaintiffs they could assess the damages at any sum between one cent and fifty thousand dollars.    If the defendant was not responsible for the death of the deceased, the verdict should have been in its favor; if it was responsible (and the jury by the verdict said it was), it being admitted that the wife was by the death of her husband deprived of maintenance by him, to say that such deprivation is compensated by a verdict of one dollar is grossly absurd.    The statute is, that the jury shall, in such case, render a verdict for such sum as, under all the circumstances, shall be just.    (Civ. Code, § 377; *Beeson* v. *Green Mountain G. M. Co.* 57 Cal. 20; *Cook* v. *Clay Street Hill R. R. Co.* 60 Cal. 604.)    The plaintiffs are entitled to have the case tried before a jury having a proper conception of what is just; either to render a verdict for the defendant, or, if the evidence shall justify,

in favor of plaintiffs, with damages in a sum reasonably adequate to the case as presented to them. The rendition of the verdict in this case was trifling with the forms of law. (*Hall v. Bark Emily Banning*, 33 Cal. 522.)

The order is affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred; the latter on the authority of *Hall* v. *Bark Emily Banning*, cited in the opinion.