[Civ. Nos. 6560 and 6561. First Appellate District, Division Two.—
January 31, 1929.]

ELLEN TUMELTY, Respondent, v. PEERLESS STAGES
(a Corporation) et al., Appellants.

J. Hampton Hoge and Haswell & Martin for Appellants.

Ford, Johnson & Bourquin for Respondent.

GOODELL, J., *pro tem.*—These appeals are taken by the
defendants from an order granting, in part, plaintiff's
motion for a new trial.

The plaintiff sued for damages in the sum of twenty-one
thousand six hundred dollars alleged to have been suffered
through the negligence of both defendants, Peerless Stages
and J. H. Asselin. The plaintiff was riding in the automo-
bile of the defendant Asselin, as his guest, with members of

his family, when a collision occurred between the Asselin car, proceeding southerly on the highway near Milpitas, and an autostage of the defendant stage company proceeding northerly. The traffic was heavy on the Sunday afternoon in question, and the stage had turned to its left out of the line of north-bound traffic, the progress of which had become somewhat retarded, and soon after leaving the line the two vehicles collided. The point presented on appeal renders unnecessary a more detailed statement of the occurrence. The jury returned a verdict against both defendants for one thousand dollars. ▇ The plaintiff moved for a new trial, which motion was "granted as to the issues of damage only, on the ground of the insufficiency of the evidence to justify the verdict rendered herein."

"The question herein presented," to adopt counsel's own statement of it, "is one solely of law—whether the order of the trial court was within its jurisdiction."

Since the case of *San Diego Land & Town Co.* v. *Neale*, 78 Cal. 63 [3 L. R. A. 83, 20 Pac. 372], it has been settled law in this state (and it seems to be the prevailing rule elsewhere) that "It is within the power of the trial court, where there is more than one issue of fact in a case and such issues are distinct and separable in their nature, to order a new trial of one issue and refuse it as to the others." (*Estate of Everts*, 163 Cal. 449 [125 Pac. 1058]; see, also, *Duff* v. *Duff*, 101 Cal. 1 [35 Pac. 437], *Levin* v. *Sherwood*, 55 Cal. App. 308 [203 Pac. 404], and *Donnatin* v. *Union etc. Co.*, 38 Cal. App. 8 [175 Pac. 26, 177 Pac. 845].)

The appellants readily and frankly recognize this, but urge that an order granting a limited new trial "is wholly erroneous in this character of case," the argument being that in an action for personal injuries, where negligence is seriously disputed at the trial, the issues of negligence and damage are so inextricably interwoven that a new trial on the issue of damages alone is legally unauthorized. The case at bar, it is claimed, is within the qualification respecting severability of issues, expressed in *Estate of Everts, supra.*

The Neale case itself recognizes that "there may be cases where the issues are so inseparably blended as to render a separation impracticable." The only question for decision, as we see it, is whether it may be said as a matter of law that in any and every personal injury case the issues of

negligence and damage are so "inseparably blended" that a new trial, if granted at all, must be granted as to all the issues.

The rule is a familiar one that "the granting of a new trial for want of evidence to support the verdict is usually a matter almost entirely within the discretion of the trial court. Such order will not be reversed unless an abuse of discretion appears." (*Estate of Everts, supra.*)

If, therefore, trial courts have the undoubted power to grant limited new trials in all cases where the issues are severable, and if it be true that the granting of a new trial for want of evidence to support the verdict is discretionary, the question presents itself whether there is anything peculiar to personal injury cases, as such, that removes them into a class by themselves, and renders them immune from the operation of the rule applicable to new trials generally. The appellants cite no authority in California or from other jurisdictions which goes so far as to so hold. Counsel shows that there is no reported decision in this state where such limited new trial has been granted in a negligence case, but while there is such absence of authority counsel for the appellants cite a number of personal injury cases from the New England states and from North Carolina, where, without exception, the rule is found to be the same as that in California. True, in some of these cases the courts determined that the issues of liability and damage were so blended as to render their separation prejudicial (and the cases are, of course, cited for their persuasive effect in that regard), but it is likewise true that in our own state whenever such issues are found to be so identified our own courts, trial and appellate, will be just as ready to follow that course. The circumstance that in some instances, because the facts of the particular case compelled it, new trials sought on *some* issues have been ordered as to *all* issues, does not indicate that there should be a special exception in personal injury cases. It is simply an application of the reservation found in *San Diego Land & Town Co.* v. *Neale, supra,* "that there may be cases where the issues are so inseparably blended as to render a separation impracticable."

In *Jarrett* v. *High Point Truck & Bag Co.*, 144 N. C. 299 [56 S. E. 937], cited by appellants, the court was strongly

urged to depart from *Benton* v. *Collins* (which sanctions limited new trials in negligence cases), and, addressing itself to that argument, the court says: "As we have awarded a new trial generally, it is not necessary now to determine that question." In *Benton* v. *Collins*, 125 N. C. 91 [47 L. R. A. 33, 34 S. E. 242], it was held that the trial court may set aside a verdict as to damages, and award a new trial on that issue alone, though some of the matters involved in the other issues may have tended to mitigate the damages; for whatever evidence was introduced on the first trial on such other issues in mitigation of damages would be admissible on the second trial on the general issues as to damages. The same case holds that the action of the trial court in setting aside a verdict for inadequacy of damages, *being discretionary,* is not reviewable. It is interesting to note that this was an action for damages growing out of an assault and battery, a type of case, certainly, where the facts of the occurrence would seem to lend color to the question of damages. In *Doody* v. *Boston & Maine R. R. Co.,* 77 N. H. 161 [Ann. Cas. 1914C, 846, 849, 89 Atl. 487, 490], a personal injury case, the general rule is recognized that "so much of the verdict as is not affected by the error" should be preserved and a new trial granted as to the rest. But it was found that the particular circumstances of the case were such that a new trial should be granted in whole. In *Pepper* v. *Lee* (R. I.), 114 Atl. 10, the supreme court of Rhode Island likewise found that *"in this particular case* the testimony bearing upon damages and liability is interwoven" (italics ours) and ordered a new trial *in toto.* In *General Motors, etc.,* v. *Shepard,* 47 R. I. 153 [130 Atl. 593], the same court, in a breach of warranty case, held that a new trial on all issues should be had where there was conflicting evidence upon the question of liability. The rule that it is "within the authority of this court and the superior court to grant new trials upon the question of damages alone" was expressly recognized and Rhode Island authorities cited therefor. The other cases, without discussing them in detail, all recognize the rule as it exists in California, but, for reasons peculiar to the particular case, hold that new trials should be granted in whole, and not in part. Resort need not be had to outside jurisdictions in this regard,

for in the case of *Mountain Gravel Mining Co.* v. *Bryan,* 111 Cal. 36 [43 Pac. 410], the supreme court deemed "it the better course that the whole case shall again be retried" because of uncertainty as to what issues were or were not intended to be settled by the order. And in *Power* v. *Fairbanks,* 146 Cal. 611 [80 Pac. 1075], an action for a timber trespass, the order granting a new trial as to a limited issue, was reversed.

We are satisfied that the question whether or not the issues in the instant case were severable was peculiarly within the trial judge's discretion. Justice Montgomery in the case of *Benton* v. *Collins, supra,* says: "Holding, then, as we do, that the superior courts of this state have the power to set aside verdicts for inadequacy of damages, we logically conclude that such power is discretionary with them, and that it is not reviewable by us. The power to correct prejudiced and grossly unfair verdicts must be vested somewhere, and, in our judgment, it is best that such power be confided to the judges who preside over the trials." And so in this case, the trial judge heard all the evidence at first hand, and was in a better position, than is an appellate court, to know whether the issues were or were not severable, that is to say, whether or not anybody would be prejudiced, or subjected to hardship or injustice, if the issue of negligence (determined adversely to the defendants) were removed from further contest. Parts of the record have been printed, but from such excerpts it does not appear that the issues of negligence and damage are at all interwoven. Indeed, the quoted testimony simply shows the way in which the two vehicles came into collision, nothing more.

It should be noted that the motion for new trial was made in the usual way, and not, as in the Neale and Donnatin cases, *supra,* for a partial new trial only. It was the court, in other words, who made the severance of issue when the order was made granting the motion in part, and presumably the order would not have been so made unless the judge was satisfied that such severance could be safely and justly made. Had there been any doubt as to this, it is safe to assume that the motion would have been granted as made— in its entirety. There is nothing in the record indicating that there was any abuse of discretion.

It may be that on the retrial of the issue of damages certain testimony respecting the collision itself—testimony already introduced, for that matter, on the issue of negligence—will have to be again put before the jury because relevant to the question of damages, but that is no reason for a complete retrial of the negligence issue. Nor will the introduction of such evidence impinge upon the rule that when a partial retrial is had there remains open for examination "only the issue upon which it is ordered, that the determination of the other issues remain in the record and that they cannot be retried" (*Estate of Everts, supra; Levin* v. *Sherwood, supra*). It would be admissible only because relevant to the inquiry respecting damages, and would be received for that limited purpose. This very question is discussed in *Benton* v. *Collins, supra,* from which we have already quoted.

It is not at all rare or unusual for defendants in negligence cases to concede liability at the outset of a trial and to put before the jury the single question of the extent of plaintiff's damage. On principle there would seem to be no difference between the elimination of the issue of negligence by voluntary act of the defendant, and its elimination by the trial judge after the defendant has had his day in court on such issue, and the trial judge, who has heard all the evidence, has become convinced that nothing could be gained by relitigating that issue, and no prejudice suffered by not relitigating it. As was said in *Robinson* v. *Muir,* 151 Cal. 118, 125 [90 Pac. 521, 524]: " . . . It would be imposing a useless burden and expense upon the parties to require the issues affecting these claims, which have once been properly adjudicated to be again reopened for litigation. (See *Emerson* v. *Yosemite etc. Co.,* 149 Cal. 50 [85 Pac. 122].)"

We are satisfied that the question whether or not a partial new trial may be granted in negligence cases is not a question of jurisdiction, but rather of discretion. In the case at bar there is nothing to indicate that there was any abuse of the court's discretion.

The orders from which the appeals were taken are therefore affirmed in both cases.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 1, 1929, and a petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 1, 1929.

All the Justices present concurred.