[Civ. No. 8361. First Appellate District, Division Two.—August 19, 1932.]

JOSEPHINE AMORE et al., Respondents, v. JOE DI RESTA, Appellant.

Redman, Alexander & Bacon and Herbert Chamberlin for Appellant.

William M. Abbott, K. W. Cannon, Cyril Appel and Ivores R. Dains for Respondents.

SPENCE, J.—This is an appeal by defendant from an order of the trial court granting plaintiffs a new trial "upon the issue of damages alone upon the ground of irregularity in the proceedings of defendant Di Resta by which plaintiffs were prevented from having a fair trial, and also upon the ground of insufficiency of the evidence to justify the verdict in respect of its amount".

The action was brought to recover damages for the wrongful death of one Joe Amore, who was the husband of plaintiff Josephine Amore, and the father of the two minor plaintiffs, Angelo Amore and Antonio Amore. The Market Street Railway Company had become liable for the death benefit provided by the Workmen's Compensation, Insurance and Safety Act and joined as a party plaintiff. The jury

returned a verdict in favor of plaintiffs in the sum of $1,000 and the trial court thereafter granted a new trial upon the grounds above mentioned.

Appellant contends that the trial court erred in granting the motion for new trial upon any ground as "the record does not disclose a case of liability against defendant". Appellant apparently takes the position that the evidence was insufficient as a matter of law to support a verdict in favor of respondents. This contention is entirely without merit. It is unnecessary to do more than briefly outline the testimony given by the numerous witnesses called on behalf of respondents. On March 26, 1929, Joe Amore was employed by the railway company as a member of one of its overhead line crews. He was a "groundman" charged with the duty of remaining on the ground to pass up materials to those working aloft and to divert traffic away from the large tower truck which was used by the crew in working on the overhead lines. The truck was painted a very bright red and had a large sign on the rear— "Danger. Keep Back 50 Feet". On the above date at about 2:45 P. M., the truck was standing on the westerly street-car track on Mission Street just north of Sickles Avenue. It was headed south in the direction of Daly City. Three members of the crew were working aloft while Amore was on the street 15 or 20 feet directly behind the truck facing away from the truck or in a general northerly direction. It was a clear, sunny day. Appellant was driving his automobile in a southerly direction along the westerly track at a speed of 30 to 40 miles per hour, although the speed was slightly decreased upon approaching the truck. Amore waved with his left hand for appellant to turn so as to pass the truck on the west side, but appellant continued on, striking Amore, carrying him some 15 or 20 feet and crushing him to death against the rear end of the tower truck. Amore had attempted to step aside when appellant's automobile was a short distance from him, but failed to get clear of appellant's car. Appellant testified that he did not see Amore or the tower truck until he had struck Amore. He attempted to explain the accident by stating that there was a truck traveling in front of his automobile which obstructed his view of the highway. He testified that this truck turned to the right to avoid a safety zone and this

necessitated his turning to the left to avoid the safety zone and the truck. It is at once apparent that there was ample evidence to support a verdict in favor of respondents. Appellant's explanation relating to another truck obstructing his view was contradicted by many other witnesses, but even if true, it would not follow that he was absolved from liability. On the contrary, we are of the opinion that the only rational conclusion which the jury could have reached was that the death of the deceased was proximately caused by the negligence of appellant and without fault on the part of the deceased.

We will next consider appellant's contention that it was error to grant the motion on the ground of "insufficiency of the evidence to justify the verdict in respect of its amount". It is well settled that the trial court may exercise a wide discretion in granting new trials on the ground of insufficiency of the evidence and that its order granting or denying a new trial will not be disturbed in the absence of a showing of abuse of discretion. (*Minor* v. *Foote*, 100 Cal. App. 441 [280 Pac. 197]; *Tumelty* v. *Peerless Stages*, 96 Cal. App. 530 [274 Pac. 430]; *Townsend* v. *Briggs*, 88 Cal. 230 [26 Pac. 108]; *Mariani* v. *Dougherty*, 46 Cal. 26; 2 Cal. Jur. 908.) Although appellant argues that the award of $1,000 was adequate, the trial court was of the opinion that it was not. The evidence showed that Amore was a young man 30 years of age who had been steadily employed by the railway company since 1923, when he arrived from Italy. He came to this country to obtain work to support his family, having the intention of becoming a citizen and bringing his family here to live. He was a kind and loving husband and father and "was very impatient to have his family with him". He went to Italy to visit his family in 1927 and returned in 1928. His wife was 30 years of age and his sons were 8 years and 2 years of age respectively. He wrote to his wife twice a week while in this country and sent her money every month for the support of herself and the children. He was earning the sum of $33.50 per week at the time of his death. The assistant superintendent of overhead lines for the railway company described Amore as a bright and energetic young man, in perfect health and a steady worker. The American Experience Tables of Mortality show an

expectancy of 35.33 years. It was stipulated that the funeral expenses were $150. We believe that the trial court was correct in its conclusion that the award was entirely inadequate. It necessarily follows that the trial court cannot be said to have abused its discretion in granting a new trial upon that ground.

The conclusion we have reached makes it unnecessary to discuss appellant's contention that there was no prejudicial misconduct. It may be pointed out, however, that the main charge of misconduct arose out of a remark of appellant's counsel during his argument to the jury. He there stated ''Now, the Market Street Railway Company, this big soulless corporation, has paid or is now paying as workmen's compensation to this widow and these minor children the sum of about $5,000.'' This remark was wholly irrelevant and improper. (Sec. 26, Workmen's Compensation, Insurance and Safety Act, Stats. 1927, chap. 702, p. 1213; *Baroni* v. *Rosenberg*, 209 Cal. 4 [284 Pac. 1111].) We mention it merely because it undoubtedly misled and confused the jury. The inadequate verdict probably resulted, despite the admonition of the court, from a belief on the part of the jury that the widow and minor children would receive the amount awarded by their verdict ·in addition to the compensation.

The further contention is made that ''the trial court abused its discretion in limiting a new trial to the issue of damages alone''. By the amendment of 1929 to section 657 of the Code of Civil Procedure, statutory approval was given to the general rule theretofore recognized that a trial court had the power to grant a new trial on the issue of damages alone. (*Tumelty* v. *Peerless Stages, supra.*) Ordinarily the question of whether the issues are severable or so ''inseparably blended'' as to require that a new trial, if granted at all, be granted as to all the issues, is a question committed to the discretion of the trial court and its determination of that question will not be disturbed unless an abuse of discretion appears. (*Tumelty* v. *Peerless Stages, supra.*) It is appellant's contention, however, that such severance of the issues constitutes an abuse of discretion in death cases under section 377 of the Code of Civil Procedure which provides for the award of

such damages "as under all the circumstances of the case may be just". The purport of appellant's argument is that the words "all the circumstances" include the circumstances giving rise to the death as well as the circumstances relating to the damage sustained and that the issues are therefore "inseparably blended" and cannot be severed. As broad as the language of the section may be, we cannot agree with the appellant's construction. In our opinion these words have reference only to the circumstances bearing upon the damage sustained by plaintiffs such as the age of the deceased, his earning power, his probable expectancy, the relationship and extent of dependency of his heirs and so forth and have no reference to the circumstances surrounding the killing. To hold otherwise would mean that an award of damages in a death case might be made to include exemplary damages if the circumstances surrounding the killing were such as to incline the jury to award such damages. The history of said section 377 negatives the propriety of a construction which would permit such an award. As pointed out in *Lange* v. *Schoettler,* 115 Cal. 388 [47 Pac. 139, 140], the present wording of that section relating to damages was adopted in 1874, when the words "pecuniary and exemplary" previously used in the section were deleted. It was held in that case that under the present wording of the section, exemplary damages could not be allowed, the court saying that the recovery is limited to the "probable pecuniary value of the life of the deceased to the relatives". We are therefore of the opinion that there is nothing in the wording of section 377 of the Code of Civil Procedure which leads to the conclusion that the issues are any more "inseparably blended" in a death case than are the issues in an action brought by an injured person to recover for his injuries. ▮ In the present case the trial court exercised its discretion by granting a new trial on the issue of damages alone and we find nothing to indicate an abuse of discretion.

The order appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 17, 1932, and

an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 17, 1932.