[Civ. No. 8585. Second Appellate District, Division One.—November 5, 1934.]

R. D. RIGALL et al., Respondents, v. CLIF LEWIS, Appellant.

Chase, Barnes & Chase for Appellant.

Meserve, Mumper, Hughes & Robertson, Baldwin Robertson and Scott N. Thompson for Respondents.

HOUSER, J.—In an action brought for the purpose of recovering a judgment for damages that resulted to plaintiff Rigall as the surviving husband, and to plaintiffs Sundsmo, as the surviving parents, of a woman passenger in an automobile that collided with another automobile at a street intersection, plaintiffs were awarded a verdict in the sum of one dollar. On the specified ground of the insufficiency of the evidence to sustain the verdict, by order of the trial court the general motion for a new trial interposed by plaintiffs was granted, with the issues on the hearing of such new trial limited to a determination of the amount of damages that should be awarded to plaintiffs. It is from such order, as well as from the judgment in said action, that the instant appeal is prosecuted.

The first point urged by appellant to the effect that on granting a motion for a new trial the trial court had no authority to grant it as to part of the issues only, is refuted by the provisions contained in sections 657 and 662 of the Code of Civil Procedure, as well as by the respective rulings made in each of the cases of *Tumelty* v. *Peerless Stages*, 96 Cal. App. 530 [274 Pac. 430], and *Amore* v. *Di Resta*, 125 Cal. App. 410 [13 Pac. (2d) 986]. (See, also, 20 Cal. Jur. 35.) However, appellant suggests that because the verdict for plaintiffs was for nominal damages only, the clear indication was that the jury meant to return a verdict in favor of defendant. In that regard, it may be conceded that in some jurisdictions such a rule would seem to prevail; but in this state it is well established that where, as here, the reason specified by the trial court for granting

a new trial is that the evidence adduced on the trial of the action was insufficieint to sustain the verdict, the order by which the new trial was granted will not be disturbed on appeal therefrom, unless an abuse of discretion by the trial court is plainly apparent. It also has been decided that if any appreciable conflict exist as between the evidence produced by the respective parties to the litigation, such an order is conclusive. (2 Cal. Jur. 908, 940, and authorities there cited.) That when a verdict returned in favor of the plaintiff is for a nominal sum the trial court is authorized to grant a motion presented by the plaintiff for a new trial, see *Mariani* v. *Dougherty,* 46 Cal. 27, and *Wolford* v. *Lyon Gravel etc. Co.,* 63 Cal. 483. From a consideration of the evidence adduced on the trial of the instant action, it is manifest not only that the trial court did not abuse its discretion in making the order in question, but that such evidence fully justified the trial court in that regard.

Appellant further complains that in the giving of a certain instruction to the jury the trial court committed error prejudicial to defendant, with the result that the verdict was returned, as it was, in favor of plaintiffs for the sum of one dollar. However, right or wrong, the instruction to which appellant has directed attention was given at his own request; from which it follows that he is in no position to complain regarding it.

Appellant also predicates prejudicial error to him on the denial by the trial court of his request to give to the jury each of two other instructions. An examination of the record discloses the fact that the principles of law contained in the requested instructions were fully covered by other instructions which the trial court gave to the jury.

It is ordered that the order by which a new trial was granted be, and it is, affirmed; furthermore, in accord with the well-settled rule ''that the granting of a new trial vacates the judgment which has been rendered after the trial and in pursuance thereof'' (*Lapique* v. *Walsh,* 191 Cal. 22, 24 [214 Pac. 876]; 20 Cal. Jur. 199), it is ordered that that part of the judgment which is affected by the order in question be and it is vacated.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 30, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 3, 1935.

Curtis, J., voted for a hearing.