[Civ. No. 13442. Second Dist., Div. Two. Apr. 25, 1942.]

HARRIETT CRANDALL et al., Respondents, v. JOHN J. McGRATH, Appellant.

James W. Hughes for Appellant.

Betts & Garrison for Respondents.

MOORE, P. J.—The question for decision on this appeal is whether the court abused its discretion in granting a new trial upon the single issue of damages only. The verdict returned was $100 less than the amount of special damages established.

Defendant appeals from the court's order, contending that because of the "irreconcilable conflict" in the evidence on the issue of liability a new trial should be granted upon all issues.

It is provided by statute that a verdict may be vacated in whole or in part and a new trial granted on all or part of the issues. (§ 657, Code Civ. Proc.) It has long been established that it is within the power of the trial court, where the issues of a cause are distinct and separable, to grant a new trial of one issue while refusing it as to the others. Such an order will not be reversed in the absence of a showing of an abuse of discretion. (*Adams* v. *Hildebrand, ante,* p. 117 [124 P. (2d) 80].) The trial judge having heard all the evidence in a personal injury action, and having been convinced, he is in a peculiar position to know that nothing could be gained by relitigating the issue of negligence though dissatisfied with the award of damages. His decision in granting a new trial on the single issue of damages is the exercise of discretion and should ordinarily be final. (*Tumelty* v. *Peerless Stages,* 96 Cal. App. 530 [274 Pac. 430]; *Amore* v. *Di Resta,* 125 Cal. App. 410 [13 P. (2d) 986]; *Robinson* v. *Muir,* 151 Cal. 118 [90 Pac. 521].)

It has likewise been established that the determination by the trial judge as to whether the issues of negligence and of damages are so inseparably blended as to require that a new trial, if granted at all, should be granted as to all of the issues, is a question also committed to the discretion of the trial court (*Amore* v. *Di Resta, supra*) whose decision will not be disturbed on appeal unless it is plainly apparent that such discretion has been abused. (*Adams* v. *Hildebrand, supra; Rigell* v. *Lewis,* 1 Cal. App. (2d) 737 [37 P. (2d) 97].) Moreover, the rule goes further in providing that if any substantial conflict exists as between the evidence produced by

440

the respective parties, the order of the trial judge is conclusive. (Ibid.)

In order to obviate the rule laid down by the statute and foregoing authorities, defendant insists that the conflict in the evidence of the instant case is so irreconcilable as to make this case an exception to the rules above announced. He bases his contention upon the decisions in *Wallace* v. *Miller*, 26 Cal. App. (2d) 55 [78 P. (2d) 745], and *Bencich* v. *Market Street Ry. Co.*, 20 Cal. App. (2d) 518 [67 P. (2d) 398]. A reading of those cases readily discloses that the authors of the opinions were satisfied that the verdict returned was the result of unwarranted concessions of convictions by members of the jury and that consequently it would work a grave injustice upon the defendant to limit the new trial to the issue of damages only. Under such circumstances it was deemed to be the better practice that the issue as to liability should not be forever closed against inquiry where it appeared that the verdict upon that issue was not the result of a free and unrestricted collaboration of the minds of at least nine jurors. From a study of the last two cited authorities, we deduce the rule that (1) where the record discloses that there were not actually nine jurors who were convinced of the negligence of the defendant and that his negligence was the proximate cause of the plaintiff's injuries, or (2) where the issues of negligence and damages are so inseparably blended that one cannot be fairly tried without proof of the other: in either of such events the trial court should grant a new trial upon both issues.

 But where the proof of defendant's negligence and the fact that it was the proximate cause of the accident is overwhelming, then the decision of the trial judge in confining the new trial to the issue of damages only should not be disturbed on appeal. Under such circumstances we should not interfere with the order. The conflict in the evidence may be irreconcilable because the witness who testified on behalf of defendant directly contradicted the witnesses who testified on behalf of plaintiffs in which event both narratives could not be true. There is no showing that any difficulty should have been experienced in establishing the liability of defendant.

Proof of the events immediately preceding the collision of the two automobiles was presented by four witnesses on behalf of plaintiffs, three of whom were utter strangers to the parties

and wholly disinterested. Proof offered on behalf of defendant was his own testimony.

The witness Robinson was driver of the car occupied by plaintiffs. According to his testimony, while driving east on Sixth Street and approaching Woods Avenue, his speed was about 15 miles per hour. He looked in both directions and slowed down. After the front of his car had reached a point 10 feet east of the intersection he saw McGrath's car 40 feet north of Woods Avenue going at a speed of about 40 miles per hour, which did not change prior to the collision. At the time of the impact, Robinson's car was going about 2 to 5 miles per hour. Robinson was corroborated by three students of the Garfield High School. Notwithstanding the slight variations in their respective observations, the substance of the testimony of each of them is that Robinson approached Woods Avenue at a speed of about 10 to 15 miles per hour; that McGrath's car thundered down Woods Avenue and into the intersection at a speed of 35 to 40 miles per hour; that as McGrath attempted to veer the direction of his car, near the center of the intersection, his right front fender struck the left front fender and headlights of the Robinson car which was then moving at about 5 to 10 miles per hour; that cars were parked close together along the curbs on both sides of Woods Avenue, the middle of which is about two feet higher than the surface at the curbs.

On the same issues as to whether he was negligent and whether his negligence proximately caused plaintiffs' injuries, McGrath in his own behalf was wholly unsupported.

According to his testimony he was on his way to a funeral and anxious to get to the chapel early. On approaching Garfield High School, he diminished his speed to 15 miles per hour. He saw the Robinson car while he was 15 feet north of Sixth Street and at that time it was 80 feet west of the intersection; that as he entered the intersection, Robinson was 50 feet west; that when the front of his car was at the center of Sixth Street, Robinson's car was 25 feet out of the intersection. When McGrath saw that Robinson was not slowing down, he turned to the left when Robinson crashed into the right side of his car. The impact of Robinson's car shoved the front of the McGrath car several feet to the west; Robinson did not swerve his car before the impact.

This testimony significantly pales when weighed against that of the four witnesses for the plaintiffs.

The motion for diminution is denied. The order is affirmed.

McComb, J., concurred.

WOOD (W. J.), J., Dissenting.—I dissent. In this action plaintiffs Harriett Crandall and Addie Robinson seek to recover damages for injuries which they suffered when an automobile driven by defendant collided with an automobile owned and driven by L. G. Robinson, in which they were riding. Defendant has appealed from an order granting plaintiffs a new trial on the single issue of the amount of damages to be awarded.

Among the injuries suffered by plaintiff Crandall as a result of the collision were three fractures of the jaw, lacerations, and an injury to her knee. Among the injuries suffered by plaintiff Robinson were a fractured cheek bone and concussion of the brain. Special damages were proved by plaintiffs in the sum of $585.67 for physicians' and nurses' services and hospitalization and medical expenses. There appears to be no conflict in the evidence as to the injuries suffered or as to the special damages incurred. The case was tried with a jury which rendered a verdict in favor of plaintiff Crandall in the sum of $435.64 and in favor of plaintiff Robinson in the sum of $50.22, the total for both parties being $485.86.

Plaintiffs presented a motion for a new trial on the issue of damages only and defendant presented a motion for a new trial on all issues. The court denied defendant's motion but granted plaintiffs' motion and thereby limited the new trial to the single issue of the amount of damages.

Defendant contends that, since the evidence on the issue of defendant's alleged negligence is conflicting and since the jury awarded a sum less than the undisputed special damages, the trial court erred in limiting the new trial to the single issue of damages. In my opinion the decision in *Wallace* v. *Miller*, 26 Cal. App. (2d) 55 [78 P. (2d) 745], is determinative of the question. In that case the plaintiff suffered damages in the sum of $120.25 for medical bills and $203.64 for repairs to his automobile. The jury returned a verdict for the plaintiff in the sum of $120.25. On motion of the plaintiff the trial court granted a new trial on the question of damages only. The reviewing court reversed this order, pointing out that

the evidence was of about equal strength on the question of liability and that the plaintiff, if entitled to recover, should have been awarded all of his special damages and an amount sufficient to compensate him for his personal injuries. The court held that ''the primarily important question, namely the negligence of defendant, was not determined by the jury'' and that the court's failure to grant a new trial on all issues was ''an arbitrary refusal to exercise a reasonable discretion.'' The court relied upon *Donnatin* v. *Union Hardware & Metal Co.*, 38 Cal. App. 8 [175 Pac. 26, 177 Pac. 845], and upon *Bencich* v. *Market St. Ry. Co.*, 20 Cal. App. (2d) 518 [67 Pac. (2d) 398], where it is said: ''The verdict of the jury which found, in effect, that defendants were guilty of negligence and that plaintiff was free from contributory negligence and yet allowed damages which were grossly inadequate, furnishes convincing proof as said in the Donnatin case, *supra*, page 11, 'that in order to reach an agreement, the verdict was the result of unwarranted concessions of convictions made by each of two opposing factions of the jury, one of which conscientiously believed that defendant should prevail in the action and the other equally conscientious in the opinion that plaintiff should recover damages commensurate with the injuries sustained.' . . . In view of this uncertainty and the fact that clearly something other than the evidence on the question of damages must have actuated the jury, or some of them in arriving at such a low verdict, substantial justice requires that (as said in the Donnatin case, *supra*, page 11), '. . . what is a just compensation the plaintiff should receive, if he is entitled to recover at all, can best be determined by trying the whole case before one judge and one jury instead of ''splitting it up'' between different judges and different juries. . . .' ''

The facts in the case now before us bear a striking similarity to the facts in the case of *Wallace* v. *Miller, supra*. The testimony of the drivers of the two automobiles was in sharp conflict, the statement of each if believed by the jury being sufficient to excuse him from liability. I cannot agree with the statement contained in the majority opinion that the proof of defendant's negligence is ''overwhelming.'' Nor was the testimony of defendant without support in the evidence. Defendant introduced in evidence three photographs of the automobiles involved in the collision and now properly argues

that they give strength to his contentions. A deputy sheriff, called as a witness by defendant, testified that both headlights on the Robinson car were broken and that he found glass and debris 10 feet east of the west curb of Woods Avenue, thus, according to counsel's argument giving corroboration to defendant's testimony that the Robinson car was only partially in the intersection at the time of the impact. The fact that the testimony of three schoolboys, which contained discrepancies, was favorable to the contentions of plaintiffs does not, in my opinion, justify a holding by the reviewing court that as a matter of law the evidence was overwhelming in favor of either party. The only distinction that can be made between the *Wallace* v. *Miller* case and the case now before us is that in the *Wallace* v. *Miller* case the reviewing court stated that the evidence of the parties was ''of about equal strength.'' The true rule to be derived from the decision in *Wallace* v. *Miller* and the cases therein relied upon is that where the evidence is conflicting and sufficient to support a verdict in favor of either party and the jury returns a verdict for less than the uncontroverted special damages a new trial should be granted on all of the issues.

A petition for a rehearing was denied May 22, 1942. Wood (W. J.), J., voted for a rehearing. Appellant's petition for a hearing by the Supreme Court was denied June 19, 1942. Edmonds, J., voted for a hearing.