104 Iowa 693

[S. F. No. 502.    In Bank.—January 19, 1897.]

## AUGUSTUS LAVER ET AL., APPELLANTS, *v.* A. P. HOTALING, RESPONDENT.

ASSUMPSIT FOR REASONABLE VALUE OF SERVICES—EVIDENCE—CUSTOMARY RATES OF ARCHITECTS—RULE OF ASSOCIATION.—In an action by architects to recover the alleged reasonable value of services performed, evidence as to the customary charges of architects for similar services is admissible to prove the value of the plaintiff's services; and although upon the cross-examination of the plaintiff's witnesses, and on the direct examination of his own witnesses, the defendant brought out the fact that the customary rates of charges made by architects originated in, and conformed to, a rule established by an association of architects, which rule as such was not binding upon the defendant, such fact does not render the evidence of the plaintiff incompetent, and the action of the trial court in admitting the evidence as to the customary charges, upon

behalf of the plaintiff, and in refusing to strike it out after the defendants had proved the rule of architects, is not erroneous.

ID.—QUANTUM MERUIT—PROOF OF CUSTOMARY RATE—IGNORANCE OF EMPLOYER IMMATERIAL.—The customary rate of compensation for services of a like nature is competent evidence of the value of the services of an employee in an action against his employer upon a *quantum meruit*, regardless of the fact as to whether the employer is ignorant or not of the customary rate of compensation.

NEW TRIAL—ERROR IN FAVOR OF MOVING PARTY.—A party against whom judgment has been rendered in an action is not entitled to a new trial because of an error in the admission of testimony offered by him.

ID.—SUPPORT OF ORDER GRANTING NEW TRIAL—MISLEADING INSTRUCTION—WANT OF SPECIFICATION OR EXCEPTION.—A misleading instruction of the court to the jury, the giving of which was not specified as a ground of the motion for a new trial, and which was not excepted to at the time it was given, cannot support an order granting a new trial, though it may have been misleading.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. JOHN HUNT, Judge.

The facts are stated in the opinion of the court.

*Robert Harrison,* and *M. Mullany,* for Appellants.

In an action on *quantum meruit,* the reasonable value of services is based on the price usually paid for like services in the community where rendered. (Civ. Code, sec. 1646; Code Civ. Proc., sec. 1870; *Sewell* v. *Corp,* 1 Car. & P. 392; Lawson on Usage and Customs, 11, 53, 112, 278; *Paxton* v. *Courtnay,* 2 Fost. & F. 131; *Glover* v. *Henderson,* 120 Mo. 367, 381; 41 Am. St. Rep. 695; *Thomas* v. *Brandt* (Me.), 26 Atl. Rep. 524; *Pursell* v. *McQueen,* 9 Ala. 380; *Smithmeyer* v. *United States,* 147 U. S. 342; *Knight* v. *Russ,* 77 Cal. 410; *McLean* v. *Crow,* 88 Cal. 644; *Ellis* v. *Woodburn,* 89 Cal. 129; *Whitton* v. *Sullivan,* 96 Cal. 480; *Estate of Dorland,* 63 Cal. 281; *Burns* v. *Sennett,* 99 Cal. 363.)

If the party against whose objection the evidence is introduced himself introduced evidence which established the fact sought to be proved by the erroneous evidence, the error is cured. (Hayne on New Trial and

Appeal, sec. 108; *Silvarer* v. *Hansen,* 77 Cal. 579; *New Mexico R. R. Co.* v. *Hendricks,* 6 N. Mex. 611.) Errors in admission or rejection of evidence, which do the losing party no substantial harm, will be disregarded. (*In re Spencer,* 96 Cal. 448–50; *Williams* v. *Fresno Canal etc. Co.,* 96 Cal. 14–17; 31 Am. St. Rep. 172; *Marshall* v. *Hancock,* 80 Cal. 85, 86; *Alexander* v. *Central etc. Co.,* 104 Cal. 532, 537, 540; *Kelley* v. *Fitzell,* 65 Cal. 88; *Goldstein* v. *Nunan,* 66 Cal. 544; *Osment* v. *McElrath,* 68 Cal. 469; *Dougherty* v. *Coffin,* 69 Cal. 454–56; *San Joaquin etc. Co.* v. *Bours,* 73 Cal. 200; *McAllister* v. *Clement,* 75 Cal. 182.)

*Walter H. Levy,* and *A. P. Van Duzer,* for Respondent.

In cases where evidence of usage is admissible at all, it is only on the ground that the parties who made the contract are both cognizant of the usage. (27 Am. & Eng. Ency. of Law, 743; *Van Hoesen* v. *Cameron,* 54 Mich. 614; *Barnard* v. *Kellogg,* 10 Wall. 383.) The court erred in admitting in evidence the rules or rate of compensation fixed by the architects' association. (27 Am. & Eng. Ency. of Law, 739, 740; *Bradley* v. *Wheeler,* 44 N. Y. 500.)

BEATTY, C. J.—Plaintiffs are copartners in the practice of their profession as architects. They sued in this action to recover the alleged reasonable value of services performed, it is claimed, at defendant's request, in the preparation of drawings, plans, and specifications for a building defendant had in mind to erect. After verdict and judgment in plaintiff's favor, the court granted a new trial on the sole ground specified in its order, that it erred at the trial "in permitting the introduction of evidence of a rule of compensation of architects, established by architects' institutes or associations." The plaintiffs appeal from the order granting a new trial, and contend that, if any evidence of a rule of compensation established by architects' institutes or associations was admitted, it was not introduced or offered by

them.   A careful examination of the record convinces
us that this contention is well founded.   In order to
prove the value of their services, the plaintiffs intro-
duced evidence of the customary charges of architects
for similar services.   This evidence was, of course, en-
tirely competent; just as the current market price is
evidence of the value of goods sold.

On cross-examination of plaintiffs' witnesses, and on
the direct examination of his own witnesses, defendant
brought out the fact that the customary rates of charges
made by architects originated in, and conforms to, a
rule established by an association of architects.   But
the fact that the customary rate of charges originated
in a rule which, as such, was not binding upon the de-
fendant, did not render evidence of the actual custom
incompetent.   If the usual and regular wages of a me-
chanic are three dollars per day, does such customary
rate become any less competent evidence of the value
of his services when it is shown to have been first pre-
scribed by a rule of his union?   Certainly not.   The
rule, it is true, is not binding, as a rule, upon those who
have not made it a part of their contract, and no one
is held to have made it a part of his contract unless
charged with knowledge of it.   But, however ignorant
an employer may be of the customary rate of compen-
sation, such customary rate is evidence of value in any
suit by his employee upon a *quantum meruit.*

The superior court did not err, therefore, in admitting
the evidence offered by the plaintiffs, or in refusing to
strike it out after the defendants had proved the rule of
architects.   And certainly the defendant was not en-
titled to a new trial because of the testimony offered by
him.

The instruction of the court to the jury, with refer-
ence to this testimony, may have been misleading, but
it was not excepted to at the time, nor was it specified
as a ground of the motion for a new trial, and can lend
no support to the order.

Other grounds were specified in support of the motion,

but none of them are relied upon in the argument of counsel, and we cannot see that they possess any merit.

The order granting a new trial is reversed.

VAN FLEET, J., TEMPLE, J., HARRISON, J., and HENSHAW, J., concurred.

McFARLAND, J., dissented.

Rehearing denied.