## JANE LOUGHRAN *vs.* FRANK J. MCKENNA.

MAY 12, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This is an action of trespass on the case for negligence brought in the superior court by the plaintiff for personal injuries suffered by her as a result of being thrown out of a parked automobile in which she was sitting when the defendant's automobile collided with it.  The case was tried before a jury and resulted in a verdict for the plaintiff for $1250.  The plaintiff thereupon filed a motion for a new trial on the ground that the damages were inadequate.  In her motion she requested the trial justice to limit the new trial, if granted, to the damages only.  In a carefully written rescript, the trial justice granted the motion and ordered a new trial on the damages only, as plaintiff requested.

Defendant excepted to the granting of this motion generally and also to the decision limiting the new trial to the single question of damages.  The case is now before this court on defendant's bill of exceptions setting out these two exceptions.

The first exception raises the question:  Did the trial justice err in granting the plaintiff's motion for a new trial?  We

are of the opinion that he did not. We have carefully read the transcript and from our perusal thereof we are satisfied that there is proof of personal injuries which would warrant the jury in awarding the plaintiff reasonable compensation therefor. We are also satisfied that there is substantial proof of the plaintiff having incurred expense for nursing, medical care and treatment of her injuries, and for other incidentals for which she is entitled to be reimbursed.

The jury, by its verdict, must have also found these facts, but the difficulty arises as to whether, considering all of the evidence, they fairly valued these several items of damages. Whether the medical and nursing expenses, as testified to by the plaintiff and her witnesses, were fair and reasonable and therefore were properly chargeable to the defendant was for the jury to say. The uncontradicted evidence is that the services were rendered, and the only evidence of the value of such services is that presented by the plaintiff. There were, therefore, at least two elements of damage which the jury was bound to consider in arriving at the amount of their verdict, namely, the pain and suffering caused to the plaintiff as a result of the injuries which she received in the accident, and second, the expense reasonably incurred by her for nursing and medical care and treatment.

The trial justice who, like the jury, saw the witnesses and heard them testify, has, in the exercise of his superior and more comprehensive judgment, found that the verdict of the jury fails to respond truly to the merits of the controversy. He states in his rescript that, if the jury allowed plaintiff for the expenses she incurred, as proved by the evidence, then their verdict is inadequate for her pain and suffering, and also that, even if the jury allowed only one half of the total amount of the expense testified to, as reasonably incurred by the plaintiff for nursing and medical care and treatment, there would remain but six hundred dollars of their verdict, which could be allocated to compensation for pain and suffering. This, he finds, substantially, is grossly inadequate

compensation for this element of damage in the light of the evidence.

We are of the opinion that in this instance the trial justice has performed his duty in accordance with the rule laid down in *Wilcox* v. *Rhode Island Co.,* 29 R. I. 292, and that his decision should not, therefore, be disturbed, unless it is clearly wrong. In argument defendant's counsel stated, as we understood him, that in the recent case of *Anderson* v. *Johnson,* 59 R. I. 241, 195 A. 240, we had laid down a different rule or at least one that modified the rule in the *Wilcox* case. This is not so, as a careful reading of the *Anderson* case will clearly show. In that case we observed that this court had many times considered the powers and duty of a trial justice in deciding a motion for a new trial, and made reference to the recent case of *Nichols* v. *New England Tel. & Tel. Co.,* 57 R. I. 180, 189 A. 14, in which we had cited a number of cases where such powers and duty had been discussed.

The *Anderson* case adheres to the rule of the *Wilcox* case, which was followed in those cited cases, but it declares that where, from an examination of the entire record, it is apparent that the trial justice misconceived the evidence and also omitted to consider evidence tending fairly and sufficiently to support the verdict, we will not give his decision, on a motion for a new trial, the persuasive force which we would otherwise accord it.

In the *Anderson* case we found that the trial justice had done these very things and that, therefore, his decision, granting the defendant a new trial, was not entitled to the weight which we would have given it under the rule of the *Wilcox* case had the trial justice shown by his rescript that he had fairly considered all of the evidence. In the instant case, the rescript of the trial justice clearly discloses that he did fairly consider the evidence and that there is a reasonable basis for granting a new trial to the plaintiff, because of the gross inadequacy of the damages.

When this court was charged with the duty of passing upon petitions for new trials, before the superior court was established by the Court and Practice Act of 1905, it was very reluctant to grant new trials especially for inadequacy of damages, as it did not have the opportunity which the jury had of seeing the witnesses and hearing them testify, but nevertheless it accepted as well settled that it could grant a new trial on such ground. *McNeil* v. *Lyons,* 20 R. I. 672; *Hill* v. *Union Ry. Co.,* 25 R. I. 565.

Upon the establishment of the superior court that court was vested with the power to grant new trials. The trial justice in exercising that power does have that very opportunity. He can thus pass upon motions for new trials with more freedom than this court could under the old practice on petitions for new trials because he is present at the trial and has the advantage of seeing and hearing the witnesses as does the jury. This court has consistently taken this fact into consideration when reviewing the decisions of the superior court on motions for a new trial. *Wilcox* v. *Rhode Island Co.,* 29 R. I. 292; *McMahon* v. *Rhode Island Co.,* 32 R. I. 237; *Surmeian* v. *Simons,* 42 R. I. 334; *Placella* v. *Robbio,* 47 R. I. 180; *Gallo* v. *Simpson Spring Co.,* 55 R. I. 410.

Defendant's contention based upon his citations of *McGowan* v. *Interstate Con. St. Ry. Co.,* 20 R. I. 264 and *Hackett* v. *Shaw,* 24 R. I. 29, cases decided by this court on petition for a new trial before the establishment of the superior court, is deprived of whatever force it might have had under the former practice. But even the language quoted by defendant from these cases on the point which he makes is not inconsistent with the decision of the trial justice in the instant case. Defendant's exception must, therefore, be overruled.

The defendant's second exception is to granting a new trial on the question of damages only. It is now fully recognized by this court that the superior court may, in a proper case, grant a new trial on the question of damages only. *Riley*

v. *Tsagarakis,* 53 R. I. 261; *Sayegh* v. *Davis,* 46 R. I. 375; *Sullivan* v. *White,* 36 R. I. 488; *Clark* v. *N. Y., N. H. & H. R. R. Co.,* 33 R. I. 83. In the *Sayegh* case, however, this court said: "Ordinarily when a new trial is necessary because the jury has failed to properly respond to the question of damages it is more fair to both parties to submit to another jury all issues of facts as to which the evidence is clearly conflicting . . . and a new trial should never be ordered on the question of damages alone when there is ground for a strong suspicion that the jury awarded the inadequate damages as a result of a compromise involving the question of liability."

In the instant case there is no ground for such a suspicion, as the liability of the defendant appears from the transcript substantially undisputed. This was also the view of the trial justice, as he states in his rescript that the testimony of the plaintiff's witnesses, which was the only testimony on the question of liability, "pointed unerringly and unfalteringly to the negligence and liability of the defendant." Defendant's second exception must, therefore, be overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for a new trial on the question of damages only.

*Cooney & Cooney,* for plaintiff.

*Henry E. Crowe, Thomas Hetherington,* for defendant.