[L. A. No. 22006. In Bank. Oct. 9, 1952.]

TOSHIO HAMASAKI, a Minor, etc., et al., Respondents, v. FRED W. FLOTHO, SR., et al., Appellants.

Parker, Stanbury & Reese and Raymond G. Stanbury for Appellants.

Culbert L. Olson, John H. Carter and Richard C. Olson for Respondents.

TRAYNOR, J.—Plaintiff Toshio Hamasaki was struck by an automobile driven by defendant Fred Flotho, Jr. The latter was acting in the course of his employment by defendant Leland and was using the car with the consent of its owner, defendant Fred Flotho, Sr. Toshio and his father brought this action to recover for injuries and medical expenses.

The accident occurred in a residential neighborhood while Toshio, who was then not quite 6 years of age, was crossing the street in the middle of the block. At the trial plaintiffs contended that the defendant driver was traveling at an excessive rate of speed and was not maintaining a reasonable lookout for pedestrians. Defendants contended that the driver was not speeding and that plaintiff suddenly darted from behind a parked truck into the path of the automobile. Although it was conceded that Toshio was severely injured, the extent of his injuries was contested.

The jury returned a verdict in favor of plaintiffs for $1,000. Defendants' motion for a new trial was denied. Plaintiffs' motion for a new trial on the issue of damages only was granted after defendants refused to consent to a judgment of $7,500. Defendants have appealed from the order granting plaintiffs' motion. There is no appeal from the judgment.

Defendants do not claim that the damages awarded by the jury are adequate. It is their position that the jury compromised the liability issue and that liability was therefore never determined. They suggest even that the verdict is "less than a compromise," that is, that the jury concluded defendants were not liable but nevertheless, out of sympathy, allowed plaintiffs approximately the amount of the special damages.

Although the granting of a new trial limited to the issue of damages rests primarily in the discretion of the trial court, it is an abuse of discretion to grant such a new trial

if the question of liability is close, if the damages awarded are grossly inadequate, and if there are other circumstances that indicate that the verdict was the result of prejudice or an improper compromise. (*Leipert* v. *Honold, ante,* p. 462 [247 P.2d 324].)

▉ *(1) Evidence of liability.* The accident took place on Carmelita Street in Los Angeles. The pavement is 30 feet wide and has no center line. There are houses on most of the adjoining lots, but no sidewalks. Between the pavement and the houses on each side of the street there is a dirt shoulder. Immediately before the accident Toshio was walking south on the east shoulder. A truck was parked on the shoulder in the middle of the block, approximately 195 feet south of the nearest intersection. A witness saw Toshio pass the truck on the side away from the pavement and then turn around it into the street. At that moment this witness looked away and did not see the accident. The defendant driver was also proceeding south on Carmelita. He testified that he was driving at 20 to 25 miles per hour. Other witnesses variously estimated his speed at from 35 to 60 miles per hour but they all testified that he stopped within 50 feet beyond the point of impact. Just before the accident he had moved into the east half of the street to pass around another truck parked partially off the pavement on the west side. Photographs of his skid marks indicate that at the point of impact he had returned to the west side; his left skid mark passed over a manhole cover in the center of the street. He testified that Toshio suddenly ran into his path from behind the truck when only 15 feet in front of the moving car and that it was then impossible to avoid the accident. Toshio did not testify.

In view of the residential character of the neighborhood, the testimony that the driver was traveling 60 miles per hour would fully justify the conclusion that he was negligent, but the opposing evidence was also ample to uphold a contrary finding. It is apparent that the jury faced a difficult task in resolving this question.

*(2) Inadequacy of damages.* Plaintiffs' special damages were stipulated to be $817.10. Thus the award of $1,000 allowed only $182.90 for general damages.

When taken to General Hospital immediately following the accident, Toshio was not expected to live. He was unconscious for several days. His injuries included brain concussion, a complete fracture of the collarbone, and several

fractures of the skull. Three of the skull fractures were extensive; one of them resulted in a separation of almost half an inch and a depression of almost one-quarter of an inch. There were two puncture wounds in the forehead, the coverings of the left eyeball were swollen, and the pupils were unequal. There was also a bilateral ankle clonus. This much was not contested. In addition there was medical testimony that as a result of the accident Toshio was suffering from permanent psychomotor epilepsy and that he would require continuous medical care throughout the remainder of his life. This latter evidence, however, was disputed by defendants' medical experts. Toshio's teachers were in disagreement as to whether or not he had made a substantial recovery insofar as his school activities were concerned.

Even if the jurors rejected the evidence of permanent injury, it is inconceivable that they regarded $182.90 as adequate compensation for the brain concussion, the broken clavicle, the various skull fractures, and the other injuries admittedly sustained. The conclusion is inescapable that the verdict was not the result of an effort to assess the pecuniary value of Toshio's suffering. Had the jury truly believed that defendants were liable, the verdict would have been for many times this amount.

Plaintiffs contend, however, that whenever the jury allows full compensation for special damages and any amount, no matter how small, for general damages, the trial court's decision to allow a limited new trial will not be reversed on appeal. Such a view offers the convenience of a mechanical formula, but it ignores the principles that govern the granting of partial new trials. ▪ A new trial limited to the damages issue may be ordered by the trial court when it can reasonably be said that the liability issue has been determined by the jury.. ▪ A refusal to allow for undisputed special damages is usually convincing evidence that the jury failed to make a decision of the liability issue, and that circumstance has therefore been stressed in a number of appellate opinions. (See *Wallace* v. *Miller*, 26 Cal.App.2d 55, 56 [78 P.2d 745]; *Donnatin* v. *Union Hardware & Metal Co.*, 38 Cal.App. 8, 11 [175 P. 26, 177 P. 845].) In a particular case, however, gross inadequacy of unliquidated general damages may be just as convincing. Thus, in *Simmons* v. *Fish*, 210 Mass. 563, 571 [97 N.E. 102, Ann.Cas. 1912D 588], it was held that a verdict of $200 for the loss of an eye was a conclusive indication that the jury had compromised the issues of liability and damages.

(See, also, *Schuerholz* v. *Roach*, 58 F.2d 32, 34 [$625 for loss of eye] ; *Keogh* v. *Maulding*, 52 Cal.App.2d 17, 21 [125 P.2d 858] [verdict for $291.23 more than undisputed damages].)

As a general rule, it is only when the verdict allows a substantial, even though inadequate, amount for general damages that it can reasonably be concluded that the jury's error related solely to the damages issue. *(Hughes* v. *Schwartz*, 51 Cal.App.2d 362, 368 [124 P.2d 886] ; *McNear* v. *Pacific Greyhound Lines*, 63 Cal.App.2d 11, 16 [146 P.2d 34].) In view of Toshio's serious injuries, $182.90 cannot be regarded as substantial.

*Taylor* v. *Pole*, 16 Cal.2d 668, 675 [107 P.2d 614], does not conflict with the foregoing authorities. In that case the error necessitating a new trial directly involved the trial court's instructions regarding damages. Moreover, the evidence of defendant's liability was "overwhelming." The new trial was therefore limited to the damages issue even though, as to one of the plaintiffs, the jury had awarded less than the undisputed special damages. (See, also, *Crandall* v. *McGrath*, 51 Cal.App.2d 438, 440-442 [124 P.2d 858] ; *Loughran* v. *McKenna*, 60 R.I. 453, 457 [199 A. 302] ; *cf Keogh* v. *Maulding*, 52 Cal.App.2d 17, 21-22 [125 P.2d 858].) In the present case the jury was properly instructed concerning damages and the issue of liability was close, so that the grossly inadequate award cannot reasonably be explained as a mere error of the jury in the assessment of damages.

*(3) Other circumstances indicating compromise.* The order granting plaintiffs' motion for a limited new trial provided that if defendants would consent to a judgment of $7,500, the motion would be deemed denied. This proposal of the trial judge thus allowed $6,682.90 for general damages— more than 36 times the $182.90 allowed in the verdict. The great disparity between the jury's determination and that of the judge provides an additional and striking indication that the jurors could not agree on the liability issue and that those who believed defendants were liable consented to inadequate damages in return for the votes of those who had decided that defendants should pay nothing.

Our conclusion that the verdict was the result of an improper compromise necessitates a reversal of the order granting a limited new trial.

Plaintiffs contend that in the event a limited new trial is denied them they should be given a new trial on all issues. Unquestionably plaintiffs have been prejudiced by the jury's

inadequate award, and they would ordinarily be entitled to a reversal of the judgment on that ground. Defendants urge, however, that under the special circumstances of this appeal we have no jurisdiction to do more than affirm or reverse the trial court's order and that we cannot direct a complete new trial.

■ No appeal lies from the trial court's denial of defendants' motion for new trial; that ruling may be reviewed only through an appeal from the judgment. *(City of Los Angeles* v. *Glassell,* 203 Cal. 44, 46 [262 P. 1084] ; *Litvinuk* v. *Litvinuk,* 27 Cal.2d 38, 42 [162 P.2d 8] ; *Caldwell* v. *Caldwell,* 80 Cal. App.2d 378, 384 [182 P.2d 258].) Defendants have not appealed from the judgment, and, since timely notice of appeal is a jurisdictional requirement *(Estate of Hanley,* 23 Cal.2d 120, 122 [142 P.2d 423, 149 A.L.R. 1250]), we are without jurisdiction to review the judgment or the denial of defendants' motion.

■ The only appeal before us is that from the order granting plaintiffs' motion for a limited new trial. In disposing of this appeal we have jurisdiction to do no more than the trial court itself could have done. (See *Tomales Bay Oyster Corp.* v. *Superior Court,* 35 Cal.2d 389, 392 [217 P.2d 968] ; *Crescent Feather Co.* v. *United Upholsterers' Union,* 153 Cal. 433, 434 [95 P. 871] ; *Byxbee* v. *Dewey,* 128 Cal. 322, 326 [60 P. 847] ; *Wheeler* v. *Bolton,* 92 Cal. 159, 167 [28 P. 558] ; *Bloxham* v. *Tehama County Tel. Co.,* 29 Cal.App. 326, 340 [155 P. 654].) The controlling question, therefore, is whether or not the trial court, on plaintiffs' motion for a new trial on the issue of damages only, had power to grant a new trial on all issues.

This question is analogous to that presented when an appeal is taken from only a part of a judgment. To simplify litigation a party who is aggrieved by a judgment is ordinarily entitled to limit his appeal to the parts thereof with which he is dissatisfied. ■ Similarly, when he is seeking relief in the trial court by way of a new trial, he ordinarily may seek a retrial only of the issues on which the decision has been adverse to him. In either case, however, situations may arise where the issues are so interwoven that a partial retrial would be unfair to the other party. When, as in the present case, for instance, the jury has, by compromising the issues of liability and damages, inextricably interwoven those issues, a retrial of the damages issue alone based on the erroneous assumption that defendant's liability has been determined would be extremely unjust to him. A situation is thus pre-

sented where the plaintiff has been aggrieved, but the specific relief he seeks may not be granted without doing an injustice to the defendant. Since the relief requested may not be granted, the trial court, if the issue is presented by motion for a limited new trial, or the appellate court, if the issue is presented by a partial appeal, must do one of two things. It must either deny all relief, or order a new trial on both issues.

In the case of partial appeals it is settled that the court may review as much of the judgment as is necessary to give the appellant the relief he seeks even though it is necessary to reverse parts of the judgment with which he has no quarrel and from which neither party has appealed. (*Milo* v. *Prior*, 210 Cal. 569, 571 [292 P. 647]; *Blache* v. *Blache*, 37 Cal.2d 531, 538 [233 P.2d 547]; *American Enterprise, Inc.* v. *Van Winkle*, ante, p. 210 [246 P.2d 935]; *Bailey* v. *Bailey*, 60 Cal. App.2d 291, 293 [140 P.2d 693].) Logically the same rule should govern the trial court when passing on a motion for a limited new trial.

It is suggested that in a particular case both parties may prefer the judgment as originally entered to the expense and uncertainty of a new trial on all issues, and that therefore the trial court should not have jurisdiction to grant a complete new trial in the absence of a motion therefor. There is no reason why, if a limited new trial cannot be granted, the parties should not be allowed to adopt the jury's compromise as their own. In such a case, however, the trial court would undoubtedly respect their preference in this respect and deny any new trial at all. (*Cf.*, *Leipert* v. *Honold*, ante, p. 462 [247 P.2d 324].) Accordingly, it is not necessary to limit the jurisdiction of the trial court in passing upon a motion for a partial new trial to prevent a complete new trial that neither party wants. If the defendant does not wish a new trial he need not move for one, and if the plaintiff does not wish a complete new trial, if he cannot have a partial new trial, he need simply say so.

On its face, however, a motion for a limited new trial gives no inkling that the plaintiff would prefer no new trial to a complete new trial. Before such a preference could be inferred it would be necessary to assume his knowledge of a rule that the trial court could only grant or deny the motion as made. To adopt such a rule would thus create a procedural trap for those unwary of the niceties of practice, who, following the natural instinct to ask only for what they wished would dis-

cover they could receive nothing because they asked for too much. It is no answer to say that the plaintiff could extricate himself from this trap by appealing from the judgment after his motion for a limited new trial was denied. The power of the appellate court to reverse a judgment because of the inadequacy of the damages is much more limited than that of the trial court to grant a new trial for the same reason, and thus in most cases the plaintiff must secure relief from the trial court if he is to secure it at all.

 Defendants contend, however, that by amending section 657 of the Code of Civil Proceure in 1929, the Legislature adopted the rule that a trial court may not order a new trial on all issues when the motion is limited to the issue of damages alone. Although this contention is supported by *Quevedo* v. *Superior Court*, 131 Cal.App. 698 [21 P.2d 998], the court in that case did not consider the analogous rule applicable to partial appeals, and we have concluded that its interpretation of the amendment to the statute was erroneous.

Before 1929, section 657 read: ''The former verdict or other decision may be vacated and a new trial granted, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: . . . .'' After the amendment of that year the section read: ''The verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: . . . .''

The principal changes effected by the amendment were the addition of the words ''modified,'' ''in whole or in part,'' and ''on all or part of the issues.'' Since it had earlier been held that a new trial could be limited by the trial court to particular issues, it was said in the Quevedo case that the purpose of the amendment could not have been merely to authorize such limited new trials and therefore must have been to restrict the trial court's jurisdiction to the exact terms of the motion.

The statutory language itself does not expressly refer to jurisdiction and by no means compels the conclusion that the Legislature meant to affect jurisdiction. Although the application of an aggrieved party is a jurisdictional requirement for new trial proceedings in California (*Tabor* v. *Superior Court*, 28 Cal.2d 505, 507 [170 P.2d 667]; *Prothero* v. *Superior Court*, 196 Cal. 439, 444 [238 P. 357]; *Ransome-*

*Crummey Co.* v. *Superior Court,* 188 Cal. 393, 398 [205 P. 446] ; *Title Ins. & Trust Co.* v. *California Dev. Co.,* 171 Cal. 173, 194 [152 P. 542] ; *Kohlstedt* v. *Hauseur,* 24 Cal.App.2d 60, 64 [74 P.2d 314]), there is no direct suggestion in the statute that the trial court, in correcting the error complained of, is limited to the method specified in the application. If the limited new trial sought would be prejudicial to the opposing party, the granting of a complete new trial is the most reasonable response to the motion. Moreover, if the language of section 657 is interpreted to restrict the trial court's power to either granting or denying a request for a limited new trial, then logic dictates that the statute should also be interpreted to restrict the trial court's power to either granting or denying a request for a complete new trial. The power of the trial court, however, to limit a new trial to particular issues, even when the motion was for a complete new trial, has not been questioned and was expressly recognized in the Quevedo case itself.

An examination of the legislative history of section 657 shows that the purpose of the amendment of 1929 was unrelated to the jurisdictional question here presented. The changes in section 657 were effected by section 2 of chapter 479 of the Statutes of 1929. Section 7 of chapter 479, enacted on the same day, added the following new section to the Code of Civil Procedure: ''§ 662. In ruling on such motion, in a a cause tried without a jury, the court may, on such terms as may be just, change or add to the findings, modify the judgment in whole or in part, vacate the judgment, in whole or in part, and grant a new trial on all or part of the issues, or, in lieu of granting a new trial, may vacate and set aside the findings and judgment and reopen the case for further proceedings and the introduction of additional evidence with the same effect as if the case had been reopened after the submission thereof and before findings had been filed or judgment rendered. Any judgment thereafter entered shall be subject to the provisions of sections 657 and 659 of this code.''

Section 657 of the Code of Civil Procedure is a general section giving the trial court authority to review its own judgments and setting forth the grounds on which review is to be made. Before 1929, such authority was limited to granting new trials, but in that year the Legislature gave the trial court, in nonjury cases, the alternative power of modifying its judgments. To this end, section 662 was added to the

code, setting forth in detail the procedure for nonjury cases. An important purpose of the new section was the granting of authority to make partial changes in findings and judgments, and the words "modify," "in whole or in part," and "on all or part of the issues" were used to describe that authority. Since section 662 is concerned with a special application of the general power of review conferred by section 657, rewording of section 657 was also necessary to make it conform to the new procedure for nonjury cases. Thus it was provided that decisions other than verdicts could be "modified" "in whole or in part" and new trials granted "on all or part of the issues." This phraseology is identical with that used in the newly added section 662. It is clear that the changes in section 657 were intended to relate solely to the subject matter of section 662 and were not designed to alter the jurisdictional effect of a motion for new trial. To the extent that the Quevedo case holds to the contrary it is disapproved.

The order granting a new trial on the issue of damages only is reversed, and the cause is remanded to the trial court with directions to vacate the judgment and order a new trial on all issues.

Gibson, C. J., Shenk, J., and Spence, J., concurred.

EDMONDS, J.—I concur in the judgment. As I understand the rule now stated and applied, a plaintiff under the circumstances here shown may not, by limiting the scope of his motion for a new trial, restrict the action of the court in ruling upon it.

However, the language of the opinion is inconsistent with the decision. It is said: "[I]f the plaintiff does not wish a complete new trial, if he cannot have a partial new trial, he need simply say so." Where is he to "say so"? Is he to state in his notice of motion that he is moving for a new trial on the issue of damages only? Or is he to "say so" in the presentation of the motion?

In either event, what is the purpose of stating to the court, either in writing or orally, that the plaintiff does not wish a complete new trial if the statement is of no legal effect? The rule now laid down is that, in the situation shown by the present record, a plaintiff may not limit the action of the trial judge in ruling upon his motion. To suggest that, in some manner not specified, a plaintiff may make his wishes known to the court which is under no duty to consider them,

is to add confusion to procedure and uncertainty in regard to the respective rights of the parties.

Also, the court points out that, by compromise, the parties may wish to stand on the judgment. In that event, why should there be any motion for a new trial? The obvious rule that parties to litigation may stipulate to the amount of a judgment needs no judicial recognition or approval.

CARTER, J.—I dissent.

The order granting plaintiff a new trial on the issue of damages should be affirmed. The trial court has exercised its discretion and determined that the evidence on liability was clearly sufficient (it denied defendants' motion for a new trial) and also that a limited new trial (damages only) was proper and not unjust to defendants—that there was no indication of a compromise verdict by the jury. I have discussed that phase of this case in my dissent in *Leipert* v. *Honold* (*ante*, p. 471), and here adopt the views expressed there.

There is an additional factor here presented. The sole appeal was from the order granting plaintiffs a limited new trial; no appeal was taken from the judgment. The majority opinion nevertheless reverses the entire judgment on the ground that the issue of liability and damages are inseparable. With that I disagree. Indeed, this court held in *Fuentes* v. *Tucker*, 31 Cal.2d 1 [187 P.2d 752], that it was error to admit evidence of liability where defendant admitted he was liable for the injuries suffered by plaintiff but denied the amount of damages claimed. Hence, the holding in the Fuentes case was not only that liability is severable from damages but it is error for the court to fail to treat it so. We have a similar question here, because by not appealing from the judgment, defendant is now in the position of admitting liability. The similarity between the rule in the Fuentes case and granting a new trial on the issue of damages alone was pointed out in *Tumelty* v. *Peerless Stages*, 96 Cal.App. 530, 535 [274 P. 430], where the court was discussing the latter question: ''It is not at all rare or unusual for defendants in negligence cases to concede liability at the outset of a trial and to put before the jury the single question of the extent of plaintiff's damage. *On principle there would seem to be no difference between the elimination of the issue of negligence by voluntary act of the defendant, and its elimination by the trial judge after the defendant has had his day in court on*

*such issue,* and the trial judge, who has heard all the evidence, has become convinced that nothing could be gained by relitigating that issue, and no prejudice suffered by not relitigating it.'' (Emphasis added.)

It has been held repeatedly that in personal injury and wrongful death actions the issue of liability is severable from the issue of damages, and a new trial on the latter issue alone is proper. *(Tumelty* v. *Peerless Stages, supra,* 96 Cal.App. 530; *Cox* v. *Tyrone Power Enterprises, Inc.,* 49 Cal.App.2d 383 [121 P.2d 829]; *Bauman* v. *San Francisco,* 42 Cal.App.2d 144 [108 P.2d 989]; *Amore* v. *Di Resta,* 125 Cal.App. 410 [13 P.2d 986]; *Brush* v. *Kurstin,* 11 Cal.App.2d 258 [53 P.2d 777]; *Bellman* v. *San Francisco H. S. Dist.,* 11 Cal.2d 576 [81 P.2d 894]; *Hoffart* v. *Southern Pac. Co.,* 33 Cal.App.2d 591 [92 P.2d 436]; *Crandall* v. *McGrath,* 51 Cal.App.2d 438 [124 P.2d 858]; *Adams* v. *Hildebrand,* 51 Cal.App.2d 117 [124 P.2d 80]; *Rigall* v. *Lewis,* 1 Cal.App.2d 737 [37 P.2d 97]; *Henslee* v. *Fox,* 25 Cal.App.2d 286 [77 P.2d 307].) As said in *Bauman* v. *San Francisco, supra,* 42 Cal.App.2d 144, 160: ''In its brief it is argued that the question of damages is 'so interwoven with the question of liability that the issues should not be segregated.' The issue of liability is clearly severable from the *issue as to the amount of damage. The two issues are in no way connected.* Since 1929, section 657 of the Code of Civil Procedure has expressly authorized the trial court in a proper case to grant a new trial on the issue of damages alone.'' (Emphasis added.) And the same is true where there is a reversal on appeal where the basis therefor goes to the damage question only. *(Southern Pac. Mill. Co.* v. *Billiwhack, etc. Farm, Ltd.,* 50 Cal.App.2d 79 [122 P.2d 650]; *Moeller* v. *Market St. Ry. Co.,* 27 Cal.App.2d 562 [81 P.2d 475]; *Bellman* v. *San Francisco H. S. Dist.,* 11 Cal.2d 576 [81 P.2d 894]; *Pretzer* v. *California Transit Co.,* 211 Cal. 202 [294 P. 382]; *Paul* v. *Williams,* 64 Cal.App.2d 696 [149 P.2d 284]; *Brewer* v. *Second Baptist Church,* 32 Cal.2d 791 [197 P.2d 713]; *Bishop* v. *Kelley,* 100 Cal.App.2d 775 [224 P.2d 814]; *Hollywood Cleaning & P. Co.* v. *Hollywood L. Service, Inc.,* 217 Cal. 131 [17 P.2d 712]; 5 C.J.S., Appeal & Error, § 1935.)

In an endeavor to escape the effect of the holding in these cases the majority opinion attempts to sidestep them by saying the jury has ''inextricably interwoven those issues''—liability and damages. Although the jury instructions do not appear in the record they undoubtedly included the standard instruction that the jury was to give no consideration to the question

of damages until it had found liability. (See Cal. Jury Instructions, B.A.J.I., Instructions Nos. 112, 113, 114.) And that damages could not be allowed unless there was liability. It is presumed that the jury followed those instructions. (2 Cal.Jur. 871; 24 Cal.Jur. 795-796.) A jury may be said to have disregarded the instructions only in the event that the evidence does not support the verdict. *(Commonwealth Bonding etc. Co.* v. *Pacific Elec. R. Co.,* 42 Cal.App. 573 [184 P. 29]; *Fidelity & Casualty Co.* v. *Llewellyn Iron Works,* 42 Cal.App. 766 [184 P. 402]; 24 Cal.Jur. 796.) Hence, there is no basis for the conclusion that the verdict was a compromise, and, as pointed out in my dissent in *Leipert* v. *Honold, ante,* p. 471 [247 P.2d 324], that issue was resolved in accordance with the presumption by the trial court.

While the majority accuse the jury of compromising the issue of liability in this case, in my opinion the majority of this court is guilty of rendering a decision based upon a compromise, in the decision it has rendered today in this case. It will be remembered that in a former decision in this case the majority of this court held that since there was no appeal from the judgment this court was without jurisdiction to review the judgment and was limited to a consideration of defendant's appeal from the order of the trial court granting plaintiff's motion for a new trial on the issue of damages only. It thereupon reversed this order which meant that the judgment of $1,000 was reinstated and plaintiff had no further opportunity to obtain redress for the injuries suffered by him as the result of the negligence of the defendant. (See [Cal.] 240 P.2d 298.)

In my dissent to the former decision of this court in this case I stated: "In view of the foregoing, for this court to find the trial court guilty of an abuse of discretion in granting a new trial on the issue of damages only, and reverse the order, thus entitling the defendant to recover his costs on appeal, with no opportunity for the plaintiff to ever retry the case or obtain further redress, is, to my mind, not only unsound from the standpoint of legal reasoning, but is so cruel and inhuman as to shock the sense of justice of all who may read the majority opinion." ([Cal.] 240 P.2d 303.)

A petition for rehearing was filed by plaintiff and a rehearing was granted by vote of the following members of this court: Chief Justice Gibson, Justice Shenk and myself. Justice Edmonds being absent from the state, Justice Dooling of the First Appellate District was assigned to sit in his place, and

Justice Dooling also voted for a rehearing. Justices Traynor, Schauer and Spence all voted against the granting of a rehearing. Anticipating that plaintiff's petition for a rehearing would be denied, I prepared a dissenting opinion which I intended to file upon the entry of the order of denial which was as follows:

"I dissent from the order denying a rehearing in this case and feel constrained to write an opinion expressing my views because of certain points raised in Respondent's Petition for Rehearing which were not discussed in either the majority or dissenting opinions now on file.

"Respondent's Petition for Rehearing calls attention to the fact that the judgment, entered in the trial court, conclusively established the liability of the defendant, and is now final since no appeal was taken therefrom and is res adjudicata on the issue of defendant's negligence and the absence of contributory negligence on the part of the plaintiff. In other words, there is a *final judgment* which establishes defendant's liability for the injuries suffered by plaintiff and the majority opinion holds that there is ample evidence to support this judgment. The only appeal in this case is from the order granting plaintiff's and respondent's motion for a new trial on the issue of damages only. This presents a question as to the scope of review of this court on the appeal from such order. It appears to be the settled rule that in reviewing an order of this character the only issue involved is one of damages; that is, the amount to which plaintiff is entitled in view of the nature and extent of the injuries suffered by him, the extent of the disability, if any, which will result from such injuries and the amount necessarily expended and which he will be required to expend in the future because of such injuries as disclosed by the evidence. Upon a consideration of this evidence this court must determine whether or not the trial court abused its discretion in granting plaintiff's motion for a new trial on the issue of damages only. Since the judgment established the liability of the defendant for plaintiff's injuries and no appeal has been taken from the judgment, this court has no power to review the issue of liability as that issue is not before this court on this appeal. The defendant, by not appealing from the judgment, is conclusively presumed to be satisfied with it and his only concern is the retrial of the issue of damages.

"This proposition is clearly stated in 2 Cal.Jur., page 828. 'Upon an appeal from an order upon a motion for a new trial,

when allowed, the appellate court is limited in its review of the action of the trial court to the grounds upon which such a motion was based, and upon which the new trial was asked in the particular case. The sole object of an appeal from an order granting a new trial is to determine whether the court erred in granting the motion on the record made up by the moving party, in respect to any one or all the grounds stated in the specifications presented by the moving party. And nothing can be considered on the appeal that does not go to show that a re-examination of fact is necessary for the protection of the rights of the appealing party. This precludes a review of errors apparent upon the face of the judgment-roll, such as, for example, the insufficiency of the complaint or findings to support the judgment.' This proposition is not discussed in the majority opinion and it is evident that those who concurred therein did not give consideration to respondent's contention that the issue of liability was settled by the final judgment, and therefore, the scope of the review on the appeal from the order granting the motion for a new trial on the issue of damages only is limited to matters relating to that issue.

''Obviously, the plaintiff would not appeal from the judgment as it was in his favor on the only issues which were determined by it after the entry of the order granting plaintiff's motion for a new trial on the issue of damages only. The defendant was the only party aggrieved by the judgment as it determined that defendant was guilty of negligence which was the proximate cause of the injuries suffered by the plaintiff and established defendant's liability for such injuries.

''The theory of the majority opinion is that the order granting plaintiff's motion for a new trial on the issue of damages only must be reversed because the jury failed to determine the issue of liability. The logical result of this reasoning is that the judgment is void because the issue of liability was not determined, and therefore, no valid award of damages could be made. However, the settled rule is that the issue of liability can only be reviewed upon an appeal from the judgment, and if no appeal is taken, and the judgment becomes final, it is res adjudicata and cannot be collaterally attacked. The majority holding in this case amounts to a collateral attack upon the judgment. To be logical, the majority should order the judgment set aside and vacated as no amount of damages can be awarded unless the liability of the defendant is first established.

"The foregoing is the only reasonable and logical deduction which can be made from the reasoning of the majority in this case although the majority opinion does not consider the case from this point of view.

"The patent error on the face of the majority opinion is that it treats defendant's appeal from the order granting plaintiff's motion for a new trial on the issue of damages only the same as if defendant had appealed from the judgment. An appeal from the judgment would confer upon this court jurisdiction to review the issue of liability also. This was the situation in the cases where the appellate court reviewed both issues and gave consideration to the question as to whether the inadequacy of the award of damages was the result of a compromise of the issue of liability. Here the issue of liability was determined by the verdict and is now set in concrete by the finality of the judgment. This issue cannot now be reviewed and the judgment is not subject to collateral attack under any rule of law that can be found in the books. The majority squarely holds that the order of the trial court denying defendant's motion for a new trial can be reviewed only on an appeal from the judgment, and since no appeal was taken from the judgment, this court is without jurisdiction to review the judgment or the denial of defendant's motion. Yet the majority proceed and review the only issue determined by the judgment—the issue of liability—and holds that such issue was not determined properly because it was the result of a compromise. In other words, the majority does that which it says this court has no jurisdiction to do. What more could the majority have done on an appeal from the judgment? It has reviewed the evidence of negligence and contributory negligence and holds that these issues were properly submitted to the jury and that the evidence was sufficient to justify the verdict in favor of plaintiff. For all that appears there were no other issues of fact or law except the issue of damages. It would seem that the majority has resorted to double talk in a vain attempt to sustain its unsound position.

"The majority opinion contains the following statement: ([Cal.] 240 P.2d 302.) 'If the plaintiff prefers a new trial on all issues to none at all, he can move for a complete new trial and in his argument on the motion urge the trial court to limit the new trial to the question of damages; or he can make an alternative motion, asking for a limited new trial and if that cannot be granted for a complete new trial.'

The reasoning of the majority in the foregoing statement is somewhat obscure, as the majority does not attempt to point out how the plaintiff could be benefited by making a motion for a new trial on all issues if the court should grant the motion on the issue of damages only and the defendant should appeal from the order granting such limited new trial. Certainly, the scope of review would not be enlarged because the plaintiff made his motion for a new trial on all issues. It is the scope of the order of the trial court granting the motion for a new trial which determines the scope of review on appeal. The quoted statement from the majority opinion can afford little solace to a plaintiff who has been awarded a new trial on the issue of damages only and this court sees fit to reverse such order as it did in this case.

"It seems both unfortunate and unwise to me to permit the ill-considered, illogical, unsound and unjust majority opinion to stand as a precedent to confuse, mislead and befuddle trial judges, lawyers and litigants, so long as the majority of this court blindly persist in perpetuating such an erroneous pronouncement."

Of course, the foregoing dissent was not filed because a rehearing was granted.

It now appears to me that in order for the majority to avoid the shocking injustice which would result from its former decision, it has rewritten its decision on a theory entirely out of harmony with every other decision on the subject, and by implication, at least, has overruled numerous cases without even citing them. At this point I cannot refrain from remarking that this practice is entirely out of harmony with my idea of how to run a court and develop a system of jurisprudence.

It seems to me that if the majority decision is to stand, a trial judge, in considering a motion for a new trial on the ground that the damages awarded are either inadequate or excessive, must weigh the evidence on liability and base his conclusion as to the adequacy of the damages awarded on the strength or weakness of the evidence of liability. In other words he should be clairvoyant to the extent of ascertaining how much the verdict was increased or decreased by the evidence on the issue of liability. Every lawyer or judge who has tried a damage suit knows this cannot be done. But the majority of this court can look at a cold record and say just what took place in the jury room. At least, that is what the

majority has done in these four cases.* The position of the majority would amuse those who have had experience in the trial of jury cases if it were not fraught with such dire consequences in the administration of justice. We are supposed to have a judicial system which reposes broad discretion in our trial judges. It has been said that they are something more than referees or umpires. The decided cases generally hold that in the conduct of a trial the opinion of a trial judge as to the effect on the jury of instructions of the court and remarks of counsel are controlling on an appellate court. In fact, in the very field here involved, the discretion of the trial judge has been upheld in all but four cases with the exception of these four cases. And, as pointed out in my dissent in *Leipert* v. *Honold, ante,* pp. 471, 474, the rule here announced is based upon statements contained in decisions which did not purport to review the exercise of the discretion of a trial judge in *granting* a new trial on the issue of damages only, but where a new trial had been *denied* and the appellate court was asked to reverse with directions to retry the issue of damages only. The majority seize upon these statements and ignore all that is said in the decisions upholding the discretion of the trial judge in granting such limited new trial of which there are 27 according to my research (see *ante,* pp. 474, 475).

While the theory upon which the majority decision is based does not require it, the majority has seen fit to change the settled rule that a trial court may not grant a complete new trial when a limited new trial only is demanded (see *Quevedo* v. *Superior Court,* 131 Cal.App. 698 [21 P.2d 998]). It will be remembered that both the appellant and respondent took the position at the oral argument of this case that the Quevedo case is sound law, and I am unable to follow the reasoning of the majority in holding that a new trial may be granted on grounds other than those upon which the motion is made. Aside from the basic unsoundness of this holding, the mischief which may flow therefrom staggers the imagination. While conceding, as it must, that a notice of intention to move for a new trial is necessary to confer jurisdiction upon the trial court to grant a motion for a new trial, the majority, by a peculiar process of reasoning seem to hold that because a trial court could grant a limited new trial in a case where

---

*Leipert* v. *Honold, ante,* p. 462 [247 P.2d 324]; *Cary* v. *Wentzel, ante,* p. 491 [247 P.2d 341]; *Rose* v. *Melody Lane, ante,* p. 481 [247 P.2d 335].

a complete new trial is demanded, it should have power to grant a complete new trial where a limited new trial is demanded. This is the equivalent of saying that although a notice of intention to move for a new trial specifies only one ground for the motion, the court may grant it on all the statutory grounds. This is contrary to every decision on the subject of new trials. (See *Sitkei* v. *Frimel,* 85 Cal.App.2d 335 [192 P.2d 820]; *Jeffords* v. *Young,* 197 Cal. 224, 228 [239 P. 1054]; *Smith* v. *Ibos,* 22 Cal.App.2d 551 [71 P.2d 847]; *Polk* v. *Boggs,* 122 Cal. 114 [54 P. 536]; *Laver* v. *Hotaling,* 115 Cal. 613 [47 P. 593]; *Estudillo* v. *Security Loan etc. Co.,* 158 Cal. 66 [109 P. 884]; *Strange* v. *Strange,* 23 Cal.App. 281 [137 P. 1104]; *Johnston* v. *Blanchard,* 16 Cal.App. 321 [116 P. 973]; *Cooper* v. *Superior Court,* 12 Cal.App.2d 336 [55 P.2d 299]; 20 Cal.Jur. 162-163.) In *Watkins* v. *Nutting,* 17 Cal.2d 490, 499 [110 P.2d 384], this court said: "A notice of intention to move for a new trial upon one or more of the grounds specified in the Code of Civil Procedure is essential to the court's jurisdiction. (*Smith* v. *Ibos,* 22 Cal.App.2d 551 [71 P.2d 847]; *Peters* v. *Anderson,* 113 Cal.App. 158 [298 P. 76].)"

Obviously a motion for a new trial on the issue of damages only would have to be made upon the ground that the evidence was insufficient to support the award of damages. (See *Leipert* v. *Honold, ante,* p. 471.) The defendant comes into court to oppose this motion and learns for the first time that the court intends to hear argument in support of a motion for a complete new trial on all statutory grounds or on some other ground than that specified in the notice. He would justly have cause for complaint, and he would be supported by all of the decided cases. But if the majority opinion here is permitted to stand, neither the plaintiff nor the defendant will have any idea as to what might happen when a notice of intention to move for a new trial on a limited issue is filed. This is not and should not be the law.

I have hereinbefore stated that the majority are guilty of rendering a compromise decision, and I think I have demonstrated the truth of that statement. The majority opinion holds, contrary to all the decided cases, that evidence of liability may be considered in determining the adequacy of the award of damages; that a complete new trial on all issues may be granted when a new trial is demanded on a limited issue only (likewise contrary to all decided cases); that although no appeal is taken from a judgment which establishes

liability and it has become final, the judgment may nevertheless be reviewed and reversed on an appeal from an order granting a new trial on the issue of damages only. It is obvious that the foregoing unsound pronouncements are made in order to enable the majority to sustain its unsound position that the trial judge committed a gross, manifest and unmistakable abuse of discretion in granting plaintiff's motion for a new trial on the issue of damages only, and at the same time to give plaintiff an opportunity to seek redress for his patently serious injuries. In other words, the majority is compromising on the law in order to give plaintiff an opportunity to retry his case and probably obtain a fair award of damages. While I commend the majority for this display of human kindness, I cannot yield to a compromise which will necessarily throw the law into a state of confusion, especially when full justice may be accomplished by following settled rules of law.

I would affirm the order.