## MUTUELLE ELECTRIQUE D'ASSURANCES, Appellant,

v.

## HAMMERMILLS, INC. and Pettibone Corporation, Appellees.

### No. 85–1680.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 10, 1985.

Decided March 19, 1986.

Michael L. Shakman, Chicago, Ill., for appellant.

Patrick Roby, Cedar Rapids, Iowa, for appellees.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

In this insurance subrogation case, Mutuelle Electrique D'Assurances (Mutuelle) appeals from the district court's[1] entry of final judgment in favor of Hammermills, Inc. (Hammermills), in a second trial of the case, this time before the bench. Mutuelle alleges that the district court erred in granting a new trial on both liability and damages after the jury in the first trial found by written interrogatory that Hammermills had breached an express warranty to Mutuelle's insured, but assessed damages far below the amount of the uncontested costs incurred by Mutuelle's insured. Under the circumstances shown by the record, the district court did not abuse its discretion in granting a new trial on both liability and damages. Therefore we affirm.

## I. BACKGROUND.

Mutuelle's claim arises from the mechanical failure of an automobile shredder which Compagnie Francaise de Ferrailles (CFF) had purchased from Hammermills and installed at its plant in Saint-Pierre-de-Chandieu, France. On January 19, 1981, the "outer top breaker bar" of the automobile shredder fractured and fell onto the "intake breaker bar." Both parts then fell into the machine's shredding chamber, where they encountered the machine's shredding hammers, and the machine was effectively torn apart. As a result of this breakdown, Mutuelle paid CFF, pursuant to an insurance policy covering machine breakage and business interruption, $284,-633.10 for repair of the machine, $172,-851.77 for lost profits and fixed overhead, and $9,644.77 for investigation costs, yielding a total payment of $467,129.64. By virtue of paying the loss, Mutuelle was subrogated to CFF's claims against Hammermills.

Mutuelle then sued Hammermills in federal district court for breach of express and implied warranties, negligence, and strict liability.[2] The case was tried to a jury from May 29 through June 5, 1984. The district court submitted the case to the jury on a verdict form which asked the jury, if it found for Mutuelle, to identify the ground for Mutuelle's recovery and the defendant or defendants against whom recovery should be made, and then to indicate the amount of damages awarded for repair costs, fixed overhead and lost profits, and investigation costs. After approximately two hours of deliberation on June 5, the jury sent the following question to the district court:

> Under "A." We find them guilty under Express Warranty against one of the Companies. We want to set a $ amount, but we the jury feel it isn't one of the three present. Ex.
>
> $____ Cost of repairs
>
> $____ Cost of fixed overhead
>
> $____ Investigation costs
>
> Could we make it some other category? (Over).
>
> /s/ Ernest Brockhohn
> Jury foreman

After a lengthy conference, the district court, with the consent of each party's counsel, sent the jury the following reply:

> Members of the Jury:
>
> In answer to your question, you may cross out the three categories and write in a single dollar amount without specifying the category.
>
> /s/ Edward J. McManus, Judge

1. The Honorable Edward J. McManus, Senior United States District Judge for the Northern District of Iowa.

2. Mutuelle also joined Pettibone Corporation (Pettibone), Hammermills' parent, as a defendant. Hammermills in turn joined Adirondack Steel Casting Company, Inc. (Adirondack), the firm that had manufactured certain components of the shredder, including the "outer top breaker bar." Mutuelle then amended its complaint to assert direct claims against Adirondack.

Federal jurisdiction in this case is based on diversity of citizenship, and Iowa law applies.

An hour and forty-five minutes later, the jury returned a verdict, by written interrogatory, in favor of Mutuelle, and against Hammermills, solely on the breach of express warranty claim.[3] In accordance with the district court's instruction, the jury crossed out the three damage categories and wrote in the sum of $35,000.00 without specifying a category. The verdict was accompanied by the following note from the jury:

Sirs,

The jury feels there was a violation of the Contract. On the Plaintiff's exhibit # 66 and # 67. CFF was not informed in writing in the material change in the upper breaker bar.

/s/ Ernest G. Brockhohn
Jury foreman

After the jury returned its verdict and the district court entered judgment, Mutuelle filed a post-trial motion asking the district court to amend the verdict by increasing the jury's damage award to the amount of the undisputed cost of investigation and repairs ($294,277.87) and to grant a new trial limited solely to the amount of damages for fixed overhead and lost profits, or, in the alternative, to grant a new trial on all issues of damages only. Hammermills filed a cross-motion asking the district court to grant it a judgment of dismissal, notwithstanding the verdict.

In response to these motions, the district court granted a new trial between Mutuelle and Hammermills on both liability and damages on the express warranty claim. The parties then stipulated that the case would be retried by the district court on the record of the first trial, supplemented with additional memoranda and proposed findings. Upon retrial, the district court found that Mutuelle failed to prove by a preponderance of the evidence that Hammermills' conduct in designing and manufacturing the automobile shredder proximately caused the January 19, 1981, failure. Therefore, the district court ruled that Hammermills was not liable on the breach of express warranty claim and dismissed the action. Mutuelle now appeals. Mutuelle alleges that the district court erred (1) in refusing either to amend the jury's verdict by increasing the damage award to the amount of the undisputed cost of investigation and repairs, or to order a new trial on the issue of damages alone, and (2) in granting a new trial on both liability and damages on the express warranty claim.[4]

## II. DISCUSSION.

Mutuelle contends that the jury, by its answer to the written interrogatory as well as its two notes to the district court, found Hammermills liable for breach of an express warranty. Mutuelle argues, relying on the seventh amendment and cases such as *Wayne v. New York Life Insurance Co.*, 132 F.2d 28 (8th Cir.1942), that when a properly instructed jury returns a finding of liability that is supported by the evidence, then errs in its damage award, the district court as a matter of law may not take the jury's verdict of liability away from the plaintiff. Mutuelle asserts that this is what the district court did in the present case when it granted a new trial on both liability and damages.

The district court, however, concluded that the jury never in fact made a finding of liability. It noted that while the jury's response to the written interrogatory indicated that they found Hammermills had breached an express warranty to CFF, this finding does not necessarily entail the further conclusion that Hammermills' breach constituted the proximate cause of the plaintiff's damage, as is required for there to be liability.[5] The district court pointed out that the jury was not specifically asked

---

**3.** The jury found for Pettibone and Adirondack on all theories of recovery.

**4.** Mutuelle does not appeal from the decision in Hammermills' favor in the second trial.

**5.** As the district court observed, the jury's finding that Hammermills breached an express warranty is not sufficient, in and of itself, to support the entry of judgment for Mutuelle because Iowa law also requires proof that the breach is the proximate cause of Mutuelle's damages. Iowa Code Ann. § 554.2715(2)(b) (West 1967).

to make a finding regarding proximate cause and suggested its inability to structure the award on the three damage categories as well as the wide discrepancy between the damages claimed and the damages awarded militates against concluding that the jury made an appropriate determination of proximate cause to support a full award of damages. Therefore, the district court concluded that the question of liability between Mutuelle and Hammermills had not been satisfactorily resolved by the jury's verdict, and it granted a new trial on both liability and damages.

Mutuelle, on the other hand, contends that the jury did make a finding of liability. Mutuelle argues that when considering the jury's verdict a district court must presume that the jury followed the instructions as given. Mutuelle asserts that the instructions given in this case show that the jury necessarily resolved the issue of proximate cause before it found a breach of the express warranty, and therefore that finding constituted a finding of liability.[6] As discussed above, Mutuelle argues that the district court improperly took away the jury's finding of liability when it granted a new trial on both liability and damages.

Fed.R.Civ.P. 59(a) provides that "[a] new trial may be granted to all or any of the

**6.** After oral argument Mutuelle called our attention to *Klein v. Sears Roebuck And Co.,* 773 F.2d 1421 (4th Cir.1985), a case which Mutuelle claims supports its position. In that case, Steven B. Klein and Claudia B. Klein sued Sears for the breach of an express warranty on a lawnmower, which they said caused injury to Mr. Klein. Following a jury verdict in favor of the Kleins, Sears appealed. Sears alleged, *inter alia,* that the issue of proximate cause was not clearly presented to the jury by either the special verdict form or the district court's instructions. Sears pointed out that the verdict form asked the jury to indicate whether or not Sears breached an express warranty, but did not ask for a specific finding of proximate cause. The Fourth Circuit concluded, however, "that the instructions given by the trial judge were sufficient to apprise the jury of the need for a finding that Steven's injuries were proximately caused by the failure of the mower to conform to the relevant warranties." *Id.* at 1427. The court held that, viewing all of the instructions, the district court did not abuse its discretion in the selection of the verdict form or in the jury's instructions.

parties and on all or part of the issues (1) in an action in which there has been a trial by jury * * *." The granting of a new trial on all issues, or even on some issues, rests with the sound discretion of the district court. *Ryan, By Ryan v. McDonough Power Equipment, Inc.,* 734 F.2d 385, 387 (8th Cir.1984); *Ferren v. Richards Manufacturing Co.,* 733 F.2d 526, 528 (8th Cir. 1984); *Pitts v. Electro-Static Finishing, Inc.,* 607 F.2d 799, 803 (8th Cir.1979). We believe that Mutuelle has failed to demonstrate that the district court abused its discretion. Despite the manner in which the jury was instructed, the verdict and jury communication considered as a whole may have indicated that the jury's finding of a breach of the express warranty did not include a finding of proximate cause, and hence liability.[7] The district court's opinion and the record in this case demonstrates that there were sufficient uncertainties relating to the jury's verdict to justify the grant of a new trial encompassing both liability and damages on the express warranty claim.

### III. CONCLUSION.

For the foregoing reasons, we affirm the judgment of the district court.[8]

We believe that the present case is distinguishable from *Klein.* Here, the jury awarded damages in an amount far less than the undisputed cost of investigation and repairs. No similar discrepancy or anomaly existed in the *Klein* case. Under the circumstances of this case, then, it was reasonable for the district court to conclude, in spite of the jury instructions, that the jury did not make an appropriate finding of proximate cause.

**7.** *See Hamasaki v. Flotho,* 39 Cal.2d 602, 606, 248 P.2d 910, 912 (1952) ("A refusal to allow for undisputed special damages is usually convincing evidence that a jury failed to make a decision of the liability issue.").

**8.** Mutuelle also cites as error the district court's failure to instruct the jury that reasonable costs of repair may be established from payment of bills submitted. The failure to give this instruction, if error at all, cannot be considered prejudicial in the context of this appeal. The appeal attacks the ruling of the district court in granting a new trial on liability and damages. The failure to give this particular instruction would

not seem to be important in the district court's determination to grant a new trial on liability and damages, rather than solely on damages.