CONSTANCE TAILLON *vs.* WILLIAM J. BOYLE, JR.

DENISE TAILLON, *p. a. vs.* SAME.

NORMAND TAILLON *vs.* SAME.

JULY 19, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. These are actions of trespass on the case for negligence which were tried together in the superior court and resulted in a verdict for the plaintiff in each case. Each plaintiff complained of the inadequacy of the damages and moved for a new trial on that issue only. The defendant also moved for a new trial. The trial justice denied the plaintiffs' motions and granted that of the defendant. The cases are here on each plaintiff's bill of exceptions which contains only the exception to such decision.

The causes of action arose out of a collision on Mendon Road in the town of Cumberland on January 1, 1956 about

10:45 p.m. between an automobile owned and operated by plaintiff Normand Taillon and another owned and operated by William J. Boyle, Jr. The plaintiffs Constance Taillon and Denise Taillon, wife and daughter respectively of plaintiff Normand Taillon, were passengers in his automobile at the time of the collision. All three sustained personal injuries of varying degrees and the automobile was substantially damaged. The jury awarded Normand $1,518, Constance $241, and Denise $24. The trial justice found, and the parties appear to agree, that such awards cover out-of-pocket expenses only and do not in any way represent compensation for pain and suffering, at least in the cases of Constance and Denise.

After considering the evidence on the motions for new trials, the trial justice was of the opinion that such verdicts did not correspond to the weight of the evidence; that as to the wife and daughter the damages awarded were inadequate; and that probably each verdict was the result of a compromise by the jury on the issues of liability and damages. He therefore decided that the verdicts were illegal and should be set aside. However, he granted defendant's motion and ordered a new trial on both liability and damages in each case, and denied plaintiffs' motions for a new trial on damages only.

After examining the transcript we are of the opinion that there is no evidence on which the jury could have reasonably based a verdict for defendant in the case of either Constance or Denise. However, in the case of Normand we think there is some evidence on the issue of contributory negligence which could have led the trial justice to conclude that insofar as that case was concerned the jury had probably solved the problem confronting them by returning a compromise verdict. In other words we cannot say that in reaching such a conclusion he was clearly wrong. Therefore he did not err in granting an unconditional new trial in that case. *Sayegh* v. *Davis*, 46 R. I. 375.

On the other hand we are clearly of the opinion that he erred in making a like decision in the cases of Constance and Denise. In each of those cases there was no question of either plaintiff's due care. There is also no question in our minds of defendant's lack of due care. In our opinion the jury could have had no conceivable reason for returning a compromise verdict in either case. We think the trial justice should have differentiated each of those cases from Normand's case, because there is no ground for a "strong suspicion" that the verdict in either case was the result of compromise. Hence he should have granted the motion for a new trial on damages only in each of such cases. *Loughran v. McKenna,* 60 R. I. 453.

The exceptions of the plaintiffs Constance and Denise Taillon to the denial of their motions are sustained, and each case is remitted to the superior court for a new trial on damages only.

The exception of the plaintiff Normand Taillon to the denial of his motion for a new trial on damages only and his exception to the granting of defendant's motion for an unconditional new trial are overruled, and the case is remitted to the superior court for further proceedings.

*Martin M. Zucker,* for plaintiffs. *Frank O. Lind, Jr.,* for defendant.